### RATHBUN and DOW *vs.* PLATNER.

An assignment made by a debtor, of his property, with the fraudulent intent to hinder, delay and defraud his creditors, is void, although his assignees are free from all imputation of participating in his fraudulent designs, and they are themselves *bona fide* creditors of the assignor, and are to take the entire avails of the assigned property, to pay their preferred debts.

MOTION by the defendant for a new trial. The action was brought to recover the possession of personal property. On the trial at the circuit the jury found a verdict for the plaintiffs.

*Lathrop & Burdett,* for the plaintiffs.

*C. Field,* for the defendant.

*By the Court,* MASON, J. The plaintiffs make title to the property in question, through an assignment made to them by Ralph S. Peck in trust, for the benefit of his creditors. The assignment is a general assignment for the benefit of all of Peck's creditors, classing them. The plaintiffs are the only creditors

named in the first class. The defendant was sheriff of Otsego county, and makes title to the property through a judgment and execution against Peck, and in virtue of his levy upon the property. The question litigated upon the trial was, whether this general assignment from Peck to the plaintiffs, for the benefit of his creditors, was fraudulent as against the creditors of the said Peck ; the defendant insisting that it was, and that he was entitled to hold the property under his levy upon the execution. The judge at the circuit, amongst other things, charged the jury that, inasmuch as the assignment was made for the benefit of the plaintiffs and to secure debts due to them and liabilities incurred by them in preference to other creditors, if the jury should be satisfied from the evidence in the case that these debts and liabilities accrued in good faith, and that the property assigned was not of sufficient value to pay the debts due to the plaintiffs, and the liabilities incurred by them, for which provision was made and preference given in the assignment, then the acts and intentions of the assignor before the assignment, and his intentions in making the same and which were unknown to the plaintiffs, would not avoid the assignment, unless suspicious circumstances in the conduct of the assignor were brought to their knowledge, sufficient to justify the inferen cethat they co-operated with him in some fraudulent design upon the creditors. To this portion of the charge the defendant's counsel excepted.

This charge cannot be sustained. The substance of the charge is, that it matters not how fraudulent may have been this insolvent debtor's intent in making this general assignment, if his assignees are only free from all imputation of participating in his fraudulent designs, the assignment is to be upheld. The assignment is to be held good, notwithstanding this debtor may have made it with the express view to hinder, delay and defraud his creditors, if the jury are only satisfied that the trustees whom he has appointed to carry out his fraudulent designs are free from the imputation of fraud, themselves. The statute declares that every assignment in writing or otherwise, of any estate or interest in lands, or in goods or things in action, &c., made with the intent to hinder, delay or defraud creditors or other per-

sons, of their lawful suits, damages, forfeitures, debts or demands, &c. shall be void. (2 *R. S.* 137, § 1.) The statute is, that every assignment made with such intent shall be void. It was held by Chancellor Walworth, in the case of *The Mohawk Bank* v. *Atwater*, (2 *Paige*, 54,) that a voluntary conveyance made by a debtor with the intention of defrauding his creditors is void, although the voluntary grantee was not privy to the fraud; and Assistant Vice Chancellor Sandford, in discussing Phillips' assignment, (1 *Sandf. Ch. R.* 85,) which was a general assignment in trust for the benefit of creditors, says : " *If Phillips made it with the intent to hinder, delay or defraud creditors, it is void, although his assignees were perfectly honest, and entirely ignorant of his designs*." Interests thus obtained, through the fraud of the debtor, cannot be sustained upon any principle known to the law. (*Huguenin* v. *Baseley*, 14 *Ves. R.* 289, 290. 2 *John. Ch. R.* 42, 43.) Such assignments must be made in good faith, or they cannot be upheld. (*Russell* v. *Woodward*, 10 *Pick. R.* 408. *Burdick* v. *Post*, 12 *Barb.* 168, 172.) Our statute of frauds pronounces void all such assignments, which are made with the intent to hinder, delay or defraud creditors, as we have already seen. The statute regards the intent with which the act was committed. (1 *Sandf. Ch. R.* 9, 10. 12 *Barb.* 172.) It declares void all assignments which shall be made with such fraudulent intent. (1 *Sandf. Ch. R.* 10.) Our books are full of cases where sales have been declared void under the statute, because of the fraudulent intent of the assignors in making them. (*Ibid.*) There are many cases where the late chancellor and vice chancellor have set aside assignments made by insolvent debtors, in trust for the benefit of creditors, when the assignees have been perfectly free from the imputation of fraud ; and it has been the settled rule in all such cases, when the assignees have acted in good faith, to protect and ratify their sales and acts done in good faith. (*Barney* v. *Griffin*, 4 *Sandf. Ch. R.* 552.) It is claimed and insisted, however, that the case stated, in the charge of the judge, is governed by a different principle, inasmuch as the assignees themselves are to take the entire avails of the assigned property to pay their preferred debts,

and consequently, there will not in fact be any trust for them to execute for the benefit of the other creditors provided for in the assignment; and that the case falls within the principle, and is 'governed by the rule of *Waterbury* v. *Sturtevant*, (18 *Wend.* 353,) where a debtor had conveyed property directly to his creditor, in payment and satisfaction of a *bona fide debt*, and the court upheld the conveyance notwithstanding it was conveyed by the debtor with intent to hinder, delay and defraud other creditors; because they found that the creditor was not a party to the fraud, but received the conveyance in good faith, in payment of an honest debt; applying the general rule which exists between vendor and vendee, mortgagor and mortgagee, pledgor and pledgee. (8 *John. Rep.* 46. 12 *Id.* 320. 13 *Id.* 471. 18 *Id.* 425. *Coote on Mortgages*, 421. *Wood* v. *Dixie*, 7 *Queen's B. R.* 892. *Pickstock* v. *Lyster*, 3 *M. & S.* 371. *Hobbie* v. *Anderson*, 5 *T. R.* 235.) That rule has never been applied to a case like the present, so far as my acquaintance with the books has extended ; and I do not think that any case can be found where this rule has been applied to a case like the one under consideration. Assignments of this kind, preferring creditors, can only be made by an insolvent debtor. (1 *Sandf. Ch. R.* 9. 3 *Barb. Ch. R.* 646.) They are not favored where preferences are given. The law only tolerates them when honestly made for the purpose of giving the preference, and devoting the whole property of the debtor to the payment of the debts. Many of our most eminent judges have regretted that the principle of permitting an insolvent to make a voluntary assignment of his property, giving preferences in any way, should ever have been adopted or sanctioned by our courts, and the settled doctrine of the courts of this state, at the present day, is not to sanction the extension of the principle beyond what must be considered the settled law of the land. The principle is well settled with us, that an assignment by an insolvent debtor of all his property in trust to pay certain creditors, and then, without making any provision for other creditors, reserving the residue to himself, or placing it in trust to reconvey the residue to the debtor, is fraudulent and void. And so unfavorably have our courts looked upon

Rathbun *v.* Platner.

these assignments, that they have held that they would not allow such assignments to be made good, or upheld, by showing that there will be no surplus for the debtor after paying the creditors provided for. (10 *Paige*, 230. 6 *Hill's R.* 238. 2 *Comst. R.* 371. 4 *Id.* 214.) The principle is very analogous to the case under consideration. The assignment in that case is held void because the debtor has reserved a surplus to himself, which should be devoted, by the assignment, to the other creditors; and yet, our courts will not allow the assignment to be upheld by showing that there will be no surplus to come to the debtor, under the residuum clause in the assignment. In the case under consideration, all will concede that this assignment must be held void, when the fact is admitted that the moving motive of the debtor in making it was a fraudulent one, however honestly these assignees may have acted; unless the courts shall allow the fact to be proved, for the purpose of upholding it, that there is not more than sufficient assets to pay these assignees, who are the preferred creditors, and therefore they will have no trust to execute for the other creditors. This cannot be done: a new trial must be granted, costs to abide the event, for the reasons above stated. It therefore becomes unnecessary to examine the other questions in the case.

New trial granted.

[DELAWARE GENERAL TERM, July 11, 1854. *Crippen, Shankland* and *Mason,* Justices.]