LABEN JACOBS, RESPONDENT, v. GEORGE REMSEN,
SHERIFF, &c., APPELLANT.

*Assignment, preferential—Possession unchanged—Presumptive of Fraud.*

In this State preferential assignments are not for that reason void, and an assignment authorizing the assignee to employ and pay all necessary attorneys' and clerks' fees, etc., and to take and have a reasonable compensation for his services; also, to pay and discharge all reasonable costs, etc., is not thereby rendered void, because it authorizes no more than was before lawful for the assignee to do.

The fact that there is no change of possession of the assigned property, in case of assignment for benefit of creditors, is not conclusive of fraud, but only presumptive thereof.

*H. C. Van Voorst* for Appellant.
*M. I. Townsend* for Respondent.

DAVIES, CH.J.—This Plaintiff seeks to recover the value of certain goods, &c., which he claims as owner, and were taken and converted by the Defendant. The complaint alleges that one Frederick Wiechel, on the 14th day of November, 1859, by an instrument in writing, assigned to the Plaintiff a certain stock of goods theretofore owned by said Wiechel and in his possession; that thereupon the Plaintiff took and received the possession thereof, and continued in the possession of the same until the 9th day of December, 1859, when the said Defendant wrongfully deprived him of possession thereof, and took and converted the same.

The Defendant justified the taking by virtue of an attachment issued in favor of one Frederick A. Dreyer against the said Wiechel, on the said 9th day of December, 1859, in which action a judgment was subsequently obtained, and an execution issued thereon, by virtue of which he had levied upon said property, and held the same by virtue of the said attachment and execution, as he lawfully might.

The Plaintiff claimed to hold the said goods and property by virtue of the said assignment, and the Defendant claimed and in-

9

sisted that he had no title thereto by virtue thereof, upon two grounds.

First. That said assignment was fraudulent upon its face, and therefore void.

Second. That it was fraudulent in fact, as being made with the intent to hinder, delay, and defraud creditors.

The jury found a verdict for the Plaintiff, and judgment thereon was affirmed at the General Term.

It is here insisted, on behalf of the Appellant, that the assignment was fraudulent on its face, and therefore void.

The grounds of this argument are:

First. That the assignment contains preferences. It is needless to cite authorities to show that, by the law of this State, preferential assignments are not, for that reason, fraudulent and void.

Second. It is urged that as, by the assignment, the assignee was authorized to employ and pay for all necessary attorneys, clerks, and agents, and should be entitled to and was thereby authorized to take and have a reasonable compensation for his services, and was authorized to pay and discharge all the just and reasonable costs and expenses attending the due execution of the assignment, and the conveying with effect the trust thereby created, together with a reasonable and lawful compensation for his own services, that these provisions render the assignment void. It was aptly observed in the opinion of the Supreme Court in this case: "These provisions give to the trustee large and extensive powers, and which may be liable to abuse; but as we cannot say they grant any other or further power and authority than the law would imply as necessary to carry the trust into execution, their presence in the instrument does not render it fraudulent per se."

The cases in this Court fully sustain these views (Campbell *v*. Woodworth, 24. N. Y. 304; Townsend *v*. Stearns, 32. N. Y. 209; Benedict *v*. Huntington, ib. 219). This assignment, therefore, is not void for anything appearing upon its face.

The jury have found by their verdict that it was not fraud-

ulent in fact. This was a question exclusively for them to decide; and when the question is whether an assignment, made by an insolvent debtor in trust for the benefit of his creditors, is fraudulent *in fact*, the finding of a referee, or of a jury, upon conflicting evidence, that it is not fraudulent, cannot be legally disturbed by the Supreme Court (Ball *v.* Loomis, 29. N. Y. 412).

It is urged by the Appellant's counsel that the assignee continued in the possession of the assigned property after the execution of the assignment, and that this circumstance is conclusive evidence of fraud in its execution.

The counsel puts this stronger than the cases will warrant.

This Court held, in the case of Ball *v.* Loomis (supra), that it is not an irreversible and unqualified rule of law that there must be an actual and continued change of possession, in order to shield an assignment of property in trust for the benefit of creditors from the imputation of fraud.

The fact of there being no change of possession is presumptive evidence of fraud, and conclusive, unless rebutted by affirmative evidence of good faith, and the absence of an intent to defraud.

If there were no errors committed on the trial, it follows that the verdict and judgment thereon for the Plaintiff are correct, and should be affirmed.

It is now insisted that the judge erred in excluding this question, put to one of the Defendant's witnesses: " What did Wiechel say, when you called to levy under the attachment, in answer to what you said ? "

This was on the 9th of December, 1859, and nearly a month after the execution of the assignment by Wiechel to Jacobs, and after the latter had taken actual possession of the assigned property.

This was objected to by the Plaintiff's counsel, unless Jacobs was present. Objection sustained, unless Defendant will admit that Jacobs was there, and the Defendant's counsel excepted.

This ruling was clearly correct. Any admissions or statements of what Wiechel said at this time, and under these circumstances, could not be evidence against the Plaintiff.

There is an exception to the Judge's charge which remains to be noticed. He said to the jury: " That the law gives the debtor a right to make preferences, if done in good faith ; and it was for the jury to determine whether any portions of the preferred claims in the assignment were fictitious, and if they were the assignment would be fraudulent and void ; that in respect to the judgment of Eager & Co. against Wiechel, which Jacobs claimed to have purchased, if the jury found that before the assignment Jacobs agreed with Mr. Campbell, who had control of the judgment, to pay him the amount of $90 due on the judgment, and the sheriff's fees upon the execution, upon condition that he, Campbell, would release the levy which he then had upon Wiechel's goods, and have the judgment assigned to Jacobs, and if such levy was released upon that arrangement, then the amount due on the judgment would be a valid debt in favor of Jacobs, whether Campbell delivered to him an assignment at the time or subsequently, or whether Jacobs paid Campbell the amount then or afterward ; and if the amount due on the judgment, under such circumstances, constitutes a portion of the $500 for which Jacobs was preferred, it would not, for that reason, be fictitious."

To which part of the charge the Defendant's counsel excepted. As the exception is to the whole of this portion of the charge, if any part of it is correct, the exception fails.

There can be no question of the soundness of that portion which states that the law gives the debtor the right to make preferences, if done in good faith, nor to the succeeding sentence, that it was for the jury to determine whether any portions of the preferred claims in the assignment were fictitious, and if they were, the assignment would be fraudulent and void.

These portions of the charge being undeniably sound, the exception must fail.

But it must not be inferred from this that any doubt is entertained of the correctness of the residue of the charge.

It appeared upon the face of the assignment that the assignee was authorized to retain out of the assigned estate, and for himself, the sum of $500, being, as was said, the amount of money

heretofore loaned by the party of the second part to the said party of the first part.

This debt was attached by the Defendant as fictitious, and it was sought from this fact to set aside the assignment. It appeared upon the trial that the amount of money actually loaned by the Plaintiff to Wiechel, previous to the assignment, was $410, and the Plaintiff testified, on the Defendant's examination, that "he (Wiechel) owed me in addition $90.

"That was a judgment or levy on his goods. I held the assignment of a judgment now produced. I purchased the judgment of Mr. Campbell. I told him I would buy it if he would wait for his pay. I had this assignment on the 14th of November, and paid for it afterward." The witness testified that he had paid the full amount, $90.

Upon these facts it is not perceived that the charge of the learned Judge at the Circuit was not as favorable to the Defendant as he had any right to expect. Clearly, the Plaintiff, Jacobs, had a valid claim for the amount of this judgment against Wiechel, the judgment debtor. It was a lien on the assigned goods at the time of the assignment, and Jacobs, by assuming it, increased the indebtedness of Wiechel to him by its amount, making his total demand against him (Wiechel) the sum of $500, named and preferred in the assignment. The other exceptions are not of sufficient moment to need any further remark. They are in substance disposed of by what has been already said.

The judgment appealed from should be affirmed, with costs.

Affirmed.

JOEL TIFFANY,
State Reporter.