By the Court.—Speir, J.
On December 7, 1872, Selah Hiler executed and delivered to George W. Haight, an assignment to pay certain specified creditors of Hiler’s named, in order “first to pay all legal and proper disbursements and expenses growing out of said trust,” and then provides for payments of specific amounts to various persons, naming each in the order of payments. Those several payments were to be made after an accounting shall have been had by the. said respective parties, and the amount due and owing to said parties by Hiler agreed upon, and the balance to be held for Hiler.
It clearly appears that the plaintiff’s employment *179 was made wholly on the faith and credit of the fund, with no compensation for services unless in the event of success ; no money being in the hands of the trustees to pay for services, and the defendant stipulating in no event to be personally liable for plaintiff’s services. This arrangement was entered into with the plaintiff by the trustee Haight, his successor the defendant, and Hiler acting as their agent.
The plaintiff under, and by virtue of such employment,rendered services for the benefit of the trust, in securing the fund to the trustee ; the defendant as trastee accepted the benefit of the plaintiff’s services and received from the plaintiff the sum of seven thousand one hundred and ninety-two dollars and seventy-five cents of the surplus fund, by a check of the city chamberlain, payable to the order of defendant upon a promise to pay to the plaintiff the amount of his lien upon the fund.
The learned judge has found that the plaintiff under the first provision of the deed of trust has a lien upon the fund, and is entitled to be paid therefrom for his services, as a part “of the legal and proper disbursements and expenses growing out of the said trust,” and prior to any payments to be made under the remaining provisions of the deed.
The appellant’s counsel asks a reversal of the judgment upon three grounds :■
First. That the assignment was void on its face, for the reason that it was never acknowledged before delivery, as required by the statute of 1860, and that the title to the whole fund is still in Hiler.
Second. Admitting that Haight was a trustee, he could not himself appoint a new trustee even if the latter consent.
Third. That the defendant as trustee could not bind the trust estate, nor by any act of his create a lien on it in favor of a third party.
*180 I am of the opinion that neither the' trustee nor his assignor can be allowed to raise the objection on either the first or second grounds. There were no funds in the hands of the defendant to pay for services, no property had passed to him under the deed, and he stipulated that in no event would he become personally liable. The trustee got possession of the trust estate solely through the services of the plaintiff, upon a special agreement that the fund should be charged with the disbursements and expenses growing out of the trust, and upon an employment already recognized by both Haight and Hiler. The omission to have the assignment acknowledged before delivery may be irregular or erroneous and upon a direct proceeding by proper parties may be set aside or reversed, but its validity can not be questioned in a collateral action. These parties can not be allowed upon any principle of law or justice (after having secured the fruits of plaintiff’s services through proceedings instituted by them) to shield themselves upon the ground that their acts were unlawful and wholly void. The defendant, after having obtained the property under the pretense of being the trustee can not be permitted to deny his liability to account as such. This is an exception to the general rule which undoubtedly is, that a trustee can not ordinarily make a contract with a third party which shall bind the estate or fund, and is personally liable for his contracts with regard to the estate or fund (People v. Norton, 9 N. Y. 176; Noyes v. Blakeman, 6 Id. 567). The principle is a familiar one that no acts of the assignor, after the assignment has been executed and delivered and possession of the property taken by the assignees, or any omission on his part can invalidate the assignment. This rule applies with equal force to the assignees (Hardman v. Bowen, 39 N. Y, 196, and cases cited).
The last objection is also untenable.
*181 It is clearly settled that it is the duty of the trustee to use reasonable diligence to protect the trust estate, and that under certain circumstances he will have a lien upon it for the expense of such protection, although not expressly provided for in the instrument creating the trust. In the case at bar, the provision is explicit, “to pay all legal and proper disbursements and expenses growing out of said trust.”
It has been repeatedly adjudged in this court, in the late court of chancery, and in the court of appeals, that a debtor may provide in his assignment for present and prospective costs of suits going on, and that may be brought, relating to some of the assigned property, without its invalidating such assignment, by a provision authorizing the assignee to prosecute or defend all suits which he may deem necessary to the execution of the trust.
These decisions are put upon the ground that although they give to the trustee large and extensive powers, which may be liable to abuse; yet it can not be said that they grant any other or further power or authority than the law would imply as necessary to carry the trust into execution (Lentilhon v. Moffat, 1 Edw. Ch. 451; Van Best v. Yoe, 1 Sand. Ch. 4; Jacobs v. Remson, 36 N. Y. 668; Townsend v. Stearns, 32 Id. 209).
The judgment must be affirmed, with costs.
Curtis, J., concurred.