HILL, Assignee, *v.* AGNEW, SCALES & Co. and others.

*(District Court, N. D. Mississippi. December Term, 1881.)*

1. ASSIGNMENT IN TRUST FOR CREDITORS—WHEN FRAUDULENT.

A conveyance in trust for the benefit of creditors, which provides for crops to be thereafter planted, and for a sale of supplies to the laborers, with no provision that the trustees shall have any power to control the laborers, or over the completion or gathering of the crops, is fraudulent in law and void as to creditors.

2. SAME—PROVISION FOR ATTORNEY'S FEES.

It is no objection to a conveyance in trust for the benefit of creditors that a provision is made for the payment of a reasonable attorney's fee for the examination of the facts, advice, and drawing up the assignment and securing its proper proof or acknowledgment and placing it on record; but the debtor has no power to contract with attorneys for any further services, which is a matter entirely within the control of the trustees, and for which the assignees will be allowed a reasonable sum.

3. SAME—VICE MUST BE APPARENT.

To declare a conveyance fraudulent *per se*, the vice must be apparent on the face of the instrument, without reference to extrinsic proof.

4. SAME—ILLEGAL PREFERENCE.

Where such an assignment, after providing for different classes of creditors to be preferred, and then for a distribution of the surplus among those not preferred, and the surplus to the grantor, contained the following provision, "provided, however, that the said party of the second part, or his successors, shall pay no claims unless the correctness of the same shall be established to his satisfaction," the directions extending to all claims, and not restricted to the creditors not named, is fraudulent and void as to the creditors named.

5. SAME—UNFAIR ADVANTAGES.

Where the assignment gives the first class of creditors the right to determine whether or not the assignee shall give a bond, and if so, to fix the amount, it gives an unfair advantage over other creditors, and is a circumstance to show fraud, but not sufficient to show it fraudulent *per se*

HILL, D. J. This bill was filed in the chancery court of Chickasaw county against the creditors of T. R. Sadler, who had made a

general assignment of all his estate to complainants, praying that they might be enjoined from prosecuting their suits so as to obtain satisfaction out of the estate conveyed of the sums due them respectively. By the order of the circuit judge for that district an injunction was granted in accordance with the prayer of the bill. Agnew, Scales & Co., creditors of said Sadler, had sued out their attachment in the circuit court of Chickasaw county, and caused the same to be levied upon the property so conveyed, and in the hands of complainant as such trustee. Under the provisions of the act of congress of 1875, Agnew, Scales & Co. removed this cause as to them to this court, and have also removed their attachment suit to this court, and now move to dissolve the injunction against them for the alleged reason that the conveyance under which complainant claims the property attached, contains provisions in it which render it fraudulent in law as to them; and whether this is so or not is the only question now for decision.

The first provision which it is alleged has this effect is as follows:

"And the said party of the second part, (the trustee,) in order to promote the interest of the creditors of the said party of the first part, is hereby authorized to carry out the agreement of the said first party with the laborers on his plantation; to furnish them actual necessary family and farming supplies, in order to enable said laborers to cultivate and gather the crops already planted, and to be planted, on the plantations of the said first party, hereby conveyed, planted, and so invested to be planted, during the year 1881."

This provision contemplated a sale of the supplies then on hand necessary for the purposes mentioned, and, if not a sufficiency then on hand, the purchase of such as might be needed for that purpose, and a sale to the laborers. In other words, so far as it related to these laborers, the business, for the time and purpose mentioned, was to be carried on as it had been done by the grantor.

It is difficult to perceive any substantial difference between the exercise of such a power and the action of the trustee in the case of *Richardson* v. *Marjuez*, recently decided by the supreme court of this state, and not yet reported, and which was condemned by the supreme court, and for which the trustee was removed and a receiver·appointed. The court, in that case, decided that the power was not given to the trustee in the deed, and, had it been, it would have rendered the assignment fraudulent and void. The action on the part of the trustee so condemned, was the furnishing parties who had contracted with the grantors the necessary supplies for the crop year, and who had given trust deeds to secure the payment thereof.

It is insisted in this case that it would have been a great hardship upon the laborers who had planted their crops, and who had depended upon obtaining their supplies under their contracts; and further, that it was to the interest of the creditors that the contracts should be carried out; and there is force in the argument. But the same argument would sustain the action of the trustee which the supreme court has condemned as fraudulent, had the power been given. So far as the assignment in this case shows, there was no overpowering necessity for the grantor to have made it until after the crops had been made and gathered, and, if there had been, it is difficult to perceive any difference, or that it would have placed the laborers in a worse condition than they would have been had the property been seized under execution or attachment. It is one of the misfortunes which befalls parties when they contract with those who either will not or cannot comply with their agreements.

When a debtor makes an assignment of his property he parts with all control over it; the assignee takes it, and is authorized to convert it into money and apply it to the satisfaction of the trusts imposed. In doing so, he may, for a limited time, so as to make available materials on hand, continue the business by the employment of laborers, and the purchase of limited and necessary materials; but all to be under the immediate control of the trustee. The trustee may also employ laborers to complete a crop planted, or to gather it and prepare it for market. But this conveyance provides for crops to be thereafter planted, and for a sale of supplies to the laborers. There is no provision that the trustee shall have any power to control the laborers, or the completion or gathering of the crops; it is a power inconsistent with an assignment of this character, and which renders this conveyance as to these defendants fraudulent in law and void.

The next provision in the assignment which it is alleged renders it void, is as follows:

"And with and out of the proceeds of the plantations, sales, and collections, the said party of the second part shall pay all the just and reasonable expenses, costs, charges, and commissions of making, executing, and carrying into effect this assignment, and the trusts hereby created, together with the sum of $1,000 to Buchanan & Houston, for their services as lawyers in and about the premises, and together with their authority as to the execution of the trusts hereby created."

The provision for the payment of the attorney's fees is the one to which objection is made. It is no objection to the conveyance that provision was made for the payment of a reasonable attorney's fee,

for the examination of the facts, advice, and drawing up the assignment, and securing it properly proven or acknowledged and placed on record. But at this point the control of the grantor ceases; he has no power to contract with attorneys for any further services; that is a matter entirely within the control of the trustee. The only authority referred to holding a contrary doctrine is a case decided by the supreme court of Texas, in which it is said that the grantor may designate the attorney to be employed by the assignee. I do not know the facts in that case, but if it holds that the grantor in such a conveyance may contract with the attorney for services to be performed after the assignment is made, or that the assignee is bound by the designation of the grantor, in a general assignment of an insolvent estate, I am of opinion that such a rule is violative of a sound rule on the subject, and cannot follow it.

But to declare a conveyance fraudulent *per se*, the vice must be apparent on the face of the instrument itself, without reference to extrinsic proof. This conveyance does not come up to this rule, but from its face leaves it in doubt whether the understanding between the parties was that the services of the attorneys should close with putting the deed on record, or to continue afterwards. If the former, the provision is not condemned except for unreasonableness in the amount, which would be a matter of proof; if the latter, it would avoid the conveyance, but would require proof to establish it; hence the assignment cannot be declared void upon its face for this reason.

An assignee will be allowed a reasonable sum paid to attorneys for their services in defending the assignment, or for other services; and a provision in the assignment directing that the costs and expenses of the trust, including reasonable attorney's fees, will not of itself vitiate the conveyance. This would be allowed if the conveyance is sustained, without such direction,—as a matter of course, if not sustained, disallowed,—but this leaves the entire contract to the assignee, and is different from a contract for such services made by the assignee.

The next provision relied upon as avoiding the assignment is that, after providing for different classes of creditors to be preferred, and then for a disposition of the surplus among those not preferred, and the surplus after that, if any, to the grantor, is the following provision: "Provided, however, that the said party of the second part, or his successors, shall pay no claims unless the correctness of the same shall be established to his satisfaction."

Had this provision been confined to the creditors not named, and in which the amounts due are not specified, it might not be held as

vitiating the assignment, as in that case it would be the duty of the trustee to be satisfied of the correctness of the debt, and consequently such direction would be harmless; but the direction is not so limited, but extends to all claims—those in which the creditor, with the sum due, is given; and where the creditor is preferred. It constitutes the assignee the sole judge as to whether he will pay the debt or not. The presumption must be indulged that the grantor knew his creditors, and the amount justly due, when he states the same in his assignment; and yet under this provision the assignee could refuse to pay the claim upon his own opinion as to whether it should be paid or not. These assignments are intended to supersede all other tribunals, so far as the subject and creation of the trusts are concerned, and an assignee has no right to appoint an arbiter without the consent of the creditor whose rights are to be affected. Again, by the exercise of the power attempted to be conferred the assignee may postpone the payment of the sums due the creditors. I am satisfied that this provision in the assignment renders it, as to the rights of these defendants, fraudulent in law and void.

Another provision insisted upon as rendering the assignment void is that it gives to the first preferred class of creditors the right to determine whether or not the assignee shall give bond, and if so fixes the amount.

I am of opinion that this provision gives an unfair advantage over other creditors equally entitled to protection, and is a strong circumstance tending to show fraud, but is not sufficient to authorize the court to declare it fraudulent *per se*.

I am satisfied, as above stated, that for the first and third reasons, relied upon by the counsel for Agnew, Scales & Co., that this conveyance must be held fraudulent as to their rights, and that the motion to dissolve the injunction granted by the circuit judge must be sustained as to them; but this does not affect the validity of the conveyance as to the assenting creditors, nor will it affect the action of the assignee in the execution of the trusts imposed, further than the application of so much of the assets conveyed as may be necessary to satisfy the judgment of Agnew, Scales & Co. should they obtain a recovery in their suit. Therefore an order will be entered dissolving the injunction to the extent stated.