IN THE MATTER OF THE GENERAL ASSIGNMENT OF ROBERT
GORDON TO RICHARD J. OLIPHANT, AS ASSIGNEE FOR
THE BENEFIT OF CREDITORS.

*Insolvent debtor — he may assign part of his property in trust for a part of his creditors — when he cannot assign it to pay for services to be rendered in the future.*

An assignment by an insolvent debtor of a part of his property, in trust for the benefit of part of his creditors (no fraud being intended), is valid.

The assignment is not void, although not executed as required by the general assignment act as it stood at the date of the transfer.

A transfer of property by an insolvent, in trust to secure the payment for such services as may be thereafter rendered, but which the person for whose benefit the assignment is made is under no present legal obligation to render, is void as against the creditors of the assignor.

APPEAL by certain claimants in the above matter from a judgment of the Oswego County Court, entered in the Oswego county clerk's office on January 12, 1888, upon the report of a referee, appointed pursuant to the final decree discharging the assignee Oliphant, and upon the stipulation of the attorneys of the respective claimants to the fund in dispute

*George N. Burt*, for William P. Ellison and others, appellants.

*John D. Higgins*, for the respondents, in person.

FOLLETT, J.:

APPEAL from a decree of the County Court, entered upon the report of a referee in the matter of a general assignment.

October 2, 1883, Robert Gordon made a general assignment for the benefit of his creditors, preferring William Gordon to the amount of ninety dollars, Robert Gordon, Jr., to the amount of $450, and a note made by the assignor for $500, payable to and indorsed by one Heron and indorsed by Charles Rhodes, who afterwards took up the note. From about February, 1883, to about February, 1885, William Gordon and Robert Gordon, Jr., were partners, under the name of Gordon Bros. During this time the respondents were, and now are, partners, under the name of Rhodes, Coon & Higgins, and engaged in practicing law. February 7, 1885, Gordon Bros. were indebted to Rhodes, Coon & Higgins

in the sum of $275, for legal services theretofore rendered, and Charles Rhodes owned the aforesaid note made by Robert Gordon and indorsed by Heron. Gordon Bros. were not, nor was either of the partners, legally liable to pay said note, but Rhodes had indorsed it upon the request of William Gordon, who, orally, and so far as the evidence shows, without consideration, promised to protect said Rhodes from loss. February 7, 1885, Gordon Bros. were indebted to the appellants (partners under the name of Ellison & Son), for which the appellant recovered a judgment in the Supreme Court March 14, 1885, for $456.21, damages and costs, and afterwards proceedings supplementary to execution were duly taken and the appellants acquired a lien upon all of the choses in action of Gordon Bros., and of the individual partners.

February 7, 1885, William Gordon and Robert Gordon, Jr., assigned to Charles Rhodes their individual claims against the estate of their father by an instrument in writing, absolute in form, but which the referee finds, upon sufficient evidence, was in trust, for the purpose of securing (1) Charles Rhodes for the sum he had then paid on account of his indorsement of the note of their father; (2) Rhodes, Coon & Higgins, for the amount ($275) then due them from Gordon Bros. for legal services, and for such legal services as they might thereafter render. At the date of this assignment Gordon Bros. were insolvent, which was known to Rhodes, Coon & Higgins.

September 6, 1886, an accounting was had by the assignee of Robert Gordon, and the sum of $467.11 was adjudged to be due and payable from him to William and Robert Gordon, Jr., on account of their aforesaid claims against their father, which sum was claimed by the appellants, under their supplemental proceedings, and by the respondents under their aforesaid assignment. The amount due Charles Rhodes on account of his indorsement has been paid by the assignee of Robert Gordon, and Rhodes now holds the assignment solely for the benefit of Rhodes, Coon & Higgins.

The referee found that, in so far as the assignment secured Charles Rhodes for his indorsement, it was fraudulent in law and void as against creditors, because the assignors were under no legal obligation to pay or secure Rhodes, and were insolvent at the time of the assignment, but that the assignment was a valid security for Rhodes,

Coon & Higgins for the amount due them at its date ($275), and the amount subsequently earned by them as attorneys ($535), and that they were entitled to receive from the assignee said sum of $467.11.

The validity of an assignment by an insolvent debtor of part of his property, in trust for the benefit of part of his creditors (no fraud being intended), and that the assignment is not void, though not executed as required by the general assignment act as it stood at the date of this transfer (February 7, 1885), must be regarded by this court as settled by *Wilson* v. *Forsyth* (24 Barb., 105, 122); *Carpenter* v. *Underwood* (19 N. Y., 520); *Royer Wheel Company* v. *Fielding* (101 id., 504), notwithstanding the remarks to the contrary in *Grover* v. *Wakeman* (11 Wend., 187, 194); *Goodrich* v. *Downs* (6 Hill, 438); *Barney* v. *Griffin* (2 N. Y., 365, 371); *Leitch* v. *Hollister* (4 id., 211); *Curtis* v. *Leavitt* (15 id., 9, 132); *Burdick* v. *Post* (12 Barb., 168, 175); *Rathbun* v. *Platner* (18 id., 272, 275); *McClelland* v. *Remsen* (36 id., 622, 626; affirmed, 3 Abb. Ct. App. Dec., 71).

A transfer of property by an insolvent, in trust to secure the payment for such services as may be thereafter rendered, but which the person for whose benefit the transfer is made is under no present legal obligation to render, is void as against the creditors of the assignor. (*Barney* v. *Hempstead*, 7 Paige, 568; *Lansing* v. *Woodworth*, 1 Sandf. Ch., 43; *Elias* v. *Farley*, 2 Abb. Ct. App. Dec., 11; *Brainerd* v. *Dunning*, 30 N. Y., 211.) If such a transfer could be sustained, there would be no limit to the trusts which an insolvent might create for his future benefit, nor any limit to his power to withdraw his property from the reach of his creditors. This transfer is a valid security for $275, the amount due from Gordon Bros. to Rhodes, Coon & Higgins on the day of its date, but is not a valid security for the remainder of their claim for services afterwards rendered.

The appellants assert that the transfer being invalid in part is wholly invalid. Such is the rule when the security is taken with a fraudulent intent — when there is a fraud in fact; but in this case it is found that "said assignment was made in good faith, without any intention of hindering, delaying or defrauding the creditors of the said William and Robert Gordon, Jr." This finding is sustained by the evidence. Under these circumstances, the respondents are entitled to be paid $275 out of the fund, and the appellants are enti-

tled to the remainder of the fund, and the judgment of the County Court must be so modified, and as modified affirmed, without costs to either party.