(7 Misc. Rep. 569.)

### NORTON et al. v. MATTHEWS et al.

(Superior Court of New York City, Equity Term. March, 1894.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—PROVISION FOR ATTORNEY'S FEES.
    A provision directing payment to a person named as the attorney of the assignors of a certain sum "for counsel fees and services in preparing the assignment and preparing bond, inventory, and schedules, and legal advice connected therewith," renders the assignment void.

Action by Benjamin A. Norton and others against James W. Matthews and others to set aside an assignment for benefit of creditors. Judgment for plaintiffs.

Carter, Pinney & Kellogg, for plaintiffs.
R. P. Lee, for assignors.
G. A. Seixas, for assignee.

McADAM, J. The general assignment, after enumerating the trusts usually contained in such instruments, including a direction to pay "the just and reasonable expenses of executing the assignment," contains this special provision: "Also, in trust, to pay Robert P. Lee, our attorney and counsel, the sum of one hundred and fifty dollars for counsel fee and services in preparing the assignment, and preparing bond, inventory, and schedules, and legal advice connected therewith." The instrument is attacked on the ground that this particular trust vitiates the transfer. A provision "to pay all the just and reasonable costs and expenses attending the due execution of the assignment, and the carrying into effect the trust thereby created," is valid. Jacobs v. Remsen, 36 N. Y. 668; Islin v. Dalrymple, 2 Rob. (N. Y.) 142, 27 How. Pr. 137; Butt v. Peck, 1 Daly, 83. These decisions proceed on the ground that the expenses referred to were necessarily incurred prior to the assignment. But where, as in this case, there is a direction to pay counsel fees for services to be rendered after the transfer, the assignment is, as a consequence, made void. Hill v. Agnew,

12 Fed. 232; In re Gordon, 49 Hun, 370, 3 N. Y. Supp. 589; Currie v. Hart, 2 Sandf. Ch. 353; Lansing v. Woodsworth, 1 Sandf. Ch. 44; Brainerd v. Dunning, 30 N. Y. 211; Nichols v. McEwan, 17 N. Y. 23; Sheldon v. Dodge, 4 Denio, 117; Barnum v. Hempstead, 7 Paige, 570.

The special provision is open to the further objection that it requires the employment of a particular attorney, and fixes in advance his compensation, without regard to the reasonableness of the charge, or whether the continued employment of the same counsel is advisable or not. In short, these considerations are, by the peremptory requirement of the instrument, taken from the control, discretion, or supervision, both of the assignee and the court, and are dominated by the will of the assignor. This cannot be done. The rules which prevail in reference to allowances to trustees to reimburse themselves for expenses necessarily incurred in the execution of their trust apply to assignees for the benefit of creditors. Like other trustees, they are allowed reasonable fees paid for legal advice or assistance in the discharge of their duties, such allowance being always in the discretion of the court, and they will be reduced if, in its opinion, they are excessive. In re Johnson, 10 Daly, 125; In re Levy, 1 Abb. N. C. 182. The fact that the assignor is at liberty to prepare his own schedules does not alter the legal result. The provision in question being clearly void, the entire assignment falls with it. Burrill, Assignm. § 352, and cases cited. Decree in favor of plaintiffs.