JOSEPH COBLENTZ AND OTHERS, APPELLANTS, *v.* THE DRIVER MERCANTILE COMPANY, A CORPORATION, AND W. H. REMINGTON, ASSIGNEE, RESPONDENTS.[1]

1. VOLUNTARY ASSIGNMENTS.—WHAT FRAUD INVALIDATES.—The law relative to voluntary assignments will be found to be sustained by the following general rules in the absence of local statute: *First.*—Antecedent and fraudulent acts by the assignor, in which the assignee or beneficiaries have not participated, will not render an assignment for the benefit of creditors void. *Second.*—Mere fraudulent concealment of assets by the assignor at the time of or after the deed of assignment, if done without the concurrence of the assignee or beneficiaries, will not avoid the deed. *Third.*—Fraudulent preferences or conditions in a voluntary deed of assignment itself will avoid it, whether known to the assignee or beneficiaries or not.

2. ID.—FRAUDULENT INTENT IN DEED.—Fraudulent intent of the assignor carried into the deed itself and made operative through it, renders it void, without regard to the question whether the assignee or beneficiaries knew anything of it or not.

3. ID.—FRAUD.—DISTINCTION IN ABSOLUTE AND VOLUNTARY CONVEYANCES.—In an absolute conveyance when there is a valuable consideration paid by the grantee he gets a good title, notwithstanding the intent of the maker to defraud. *Provided,* grantee is not a party to such fraud and buys without knowl-

---

[1] Rehearing denied July 27, 1894.

edge of the corrupt intent. While a voluntary deed of assignment is usually the result of the operation of the mind of the grantor alone, and his fraudulent purpose or intent affects the entire deed and makes it void.

4. ID.— FRAUD IN LAW.— FRAUD IN FACT.— Where a voluntary assignment for the benefit of creditors is made to secure several independent debts, some valid and some fictitious, the court will eliminate the fictitious and allow the deed to stand as to those that are good when the fraud complained of is fraud in law only, but when the transaction is void in part for fraud in fact, the deed will be held entirely void.

5. ID.—VALIDITY.—FRAUDULENT PREFERENCES.—Where a voluntary deed of assignment prefers the assignee to a large amount when in fact, he was not a creditor of the insolvent corporation at all, and the lower court finds that his claim is fictitious, *held* to be fraud in fact as distinguished from fraud in law, and voids the deed entirely, notwithstanding the assignee did not participate in the fraud.

(No. 497. Decided June 28, 1894. 37 P. R. 242,)

APPEAL from the district court of the third judicial district, Hon. Charles S. Zane, *Judge.*

Action by Joseph Coblentz and others, against the Driver Mercantile Company, and others, to set aside a deed of assignment and for the appointment of a receiver. From the judgment for defendants, plaintiffs appeal. *Reversed.*

*Messrs. Sutherland & Howatt, Mr. Frank B. Stephens, Messrs. Booth, Lee & Gray* and *Mr. Walker T. Gunter,* for appellants.

The lower court found that the claims of Remington, assignee, and Clute were fictitious and fraudulent. This is a finding of fraud in fact as contra-distinguished from fraud in law. "Undoubtedly, the rule is that a transac-

7

tion void in part for fraud in fact is entirely void." *Crawford* v. *Neal*, 144 U. S. 598; Burrill Assign. (5 ed.) 352; *Vernon* v. *Upson*, 60 Wis. 418, 19 N. W. R. 400; *Peters* v. *Bain*, 133 U. S. 670, 10 Supreme Ct. Repts. 354; *Mayer* v. *Hellmann*, 91 U. S. 496; *Estes* v. *Gunter*, 122 U. S. 450; *Smith* v. *Sipperly*, 9 Utah, 267; *Emerson* v. *Senter*, 118 U. S. 1.   There is a distinction between fraud on the part of the grantor in an absolute conveyance where the grantee pays a valuable consideration and is innocent, and fraud on the part of the assignor in a voluntary conveyance or assignment where neither the assignee nor creditors participate in the fraud.   In the latter, neither the assignee nor the creditors are purchasers for a valuable consideration.   It is not necessary that notice of the fraud should be brought home to them to render the conveyance void.   *Kaiser* v. *Heavenrich*, 5 Kan. 324; *Hargrove* v. *Millington*, 8 Kan. 480, Burrill Assign. *supra;* *Farlin* v. *Sook*, 30 Kan. 404; *Pearson* v. *Wood*, 2 Mich. 445.   The assignee does not stand in the position of a *bona fide* purchaser for valuable consideration.   *Flanagan* v. *Lampman*, 12 Mich. 60.   The intent governs.   *U. S.* v. *Amstead*, 15 Peters, 594; *Lloyd* v. *Fulton*, 91 U. S. 485; Waite Fraud. Con. §§ 10, 13, 320; *Craft* v. *Bloom*, 59 Miss. 69; 42 Am. Rep. 351; *Savage* v. *Knight*, 92 North Carolina, 493 (53 Am. Reps. 423); *Hunt* v. *Winner*, 39 Ark. 75; 2 Pom. Eq. Jur. § 749; *Hahn* v. *Salmon*, 20 Fed. R. 801; *Bank* v. *Hofheimer*, 23 Fed R. 13.

*Mr. S. H. Lewis, Mr. W. H. Dickson* and *Mr. H. S. McCallum,* for respondents.

This case must be affirmed on the authority of *Pettit* v. *Parsons*, 9 Utah, 223.   Where the assignee or creditors do not participate in the fraud of the assignor, the conveyance is not necessarily void, because its effect is to

hinder and delay creditors. *Hempstead* v. *Johnson*, 18 Ark. 123; *Emerson* v. *Senter*, 118 U. S. 3; *Governor* v. *Campbell*, 17 Ala. 566; *Truss* v. *Davidson*, 7 South. Rep. 812; *Cornish* v. *Dews*, 18 Ark. 172; *Meyer* v. *Kinsie*, 26 Ill. 36; *Strouse* v. *Rose*, 59 Md. 325. Assignments for the benefit of creditors are made for valuable consideration. Bump. Fraud. Con. (3 ed.) 178, 352 and 360; Burrill on Assign. (5 ed. Sterling) § 236, note. The lower court did not find that the assignment was made with intent to defraud creditors, but only that the claim of Remington was fictitious, invalid and fraudulent. A fictitious claim cannot avoid an assignment for the benefit of creditors. Burrill Assign. (5 ed.) § 117; *Pinneo* v. *Hart*, 30 Mo. 569.

SMITH, J.:

This was an action commenced by the creditors of an insolvent mercantile corporation for the purpose of having a deed of assignment for the benefit of creditors set aside, and for the appointment of a receiver, and the distribution of the insolvent estate. The assignment was attacked on the ground that it was made with the intent to hinder, delay, and defraud creditors. The complaint specifically set out certain fraudulent preferences in the deed of assignment; among others, one to the assignee, W. H. Remington, for $2,225. Remington was made a defendant, and answered. The court appointed a receiver, but, upon the hearing of the case, rendered judgment for defendants, discharged the receiver, and directed the receiver to deliver the property in his hands to Remington, assignee, to be distributed under the deed of assignment as changed and modified by the court. Among other things, the court found that the preference in the deed of assignment in favor of W. H. Remington for $2,225 was not a valid claim against the insolvent estate, and that Remington was entitled to nothing under the deed of assignment;

that this claim was included in the deed with the fraudulent intent on the part of the assignor to defraud its creditors, but that this intent was not known to Remington.

These findings, apparently squarely in conflict, would be inexplicable if the facts were not fully disclosed by the record. The record, however, shows the following history of the transaction relative to the preference of Remington, assignee: "That said indebtedness to W. H. Remington is invalid, because said indebtedness is evidenced by a note which was given by the Driver Mercantile Company for $2,000 of a $5,000 note signed by said Remington and Clute to Wells, Fargo & Co., and upon which $5,000 note said Clute realized $5,000, and appropriated the whole of the same to his individual use. The said Remington signed said $5,000 note apparently as a joint maker with said Clute, but, so far as he, Remington, was concerned, he was an accommodation maker only. The said Remington signed said $5,000 note upon the representations of said Clute that $3,000 of the $5,000 so realized was to go to said Clute's individual use, and $2,000 thereof to the use of the Driver Mercantile Company, and not otherwise. That said Remington understood and acted upon the belief that the said $2,000 so realized was to go to and for the use and benefit of said Driver Mercantile Co., and that the same was being borrowed for its benefit, and for no other purpose; and said Remington did not know, nor was he informed, of said Clute's appropriating all of said $5,000 to his, said Clute's, individual use; and that said Remington did not at any time knowingly aid or abet said Clute in appropriating said $5,000 to his (Clute's) individual use, or any part thereof, save $3,000 thereof." It is clear from this finding that Remington had actually paid nothing out for or on behalf of the insolvent corporation. He had become surety on the personal note of E. R. Clute for $5,000. There is no finding that he had even paid any

part of this note, or that it was unpaid, or that Clute was insolvent. Under such circumstances, we are at a loss to know how Remington, as assignee, could in good faith accept a deed of assignment in which he was preferred for a large sum of money to the exclusion of other creditors of the corporation, when he had never, so far as the record shows, had any dealings of any kind with the corporation. It would seem from the facts found, that Remington must have participated in the fraudulent acts of the corporation in making this assignment, but we are not called on to decide this question.

Respondents rely on the case of *Pettit* v. *Parsons*, 9 Utah, 223, 33 Pac. 1038, and claim the case at bar comes within the decision in that case. An examination of the case of *Pettit* v. *Parsons* will show that it has no application to this case; that was an action by the assignee against the United States marshal, who had seized the assigned property at the suit of attaching creditors. The defendant offered on the trial evidence of the execution of a chattel mortgage and bill of sale made prior to the assignment, and of which the assignee and beneficiaries under the assignment had no knowledge. The court sustained an objection to this testimony. It was this ruling that was before this court in that case. We affirmed the ruling on two grounds: *First*—There was no allegation of fraud set up in the answer of the marshal. We held that the party relying upon a charge of fraud must allege and prove it. *Second*—There was no claim that the creditors or assignee had any knowledge of the fraudulent making of the chattel mortgage or bill of sale, being independent and antecedent transactions. We held that a participation in them by the assignee or beneficiaries was necessary in order to avoid the assignment. The latter proposition was not necessary to a decision of that case, but we now hold that it correctly declared the law. There

is no conflict between the case of *Pettit* v. *Parsons* and that of *Smith* v. *Sipperly*, 9 Utah, 267, 34 Pac. 54. In this last case the fraudulent preference was contained in the deed of assignment itself, and we held the conduct of the beneficiaries was fraudulent, in that they had loaned the capital to the insolvent firm knowing that it had always been insolvent, the creditors being members of the debtors' families; that, these loans being always concealed from the persons dealing with and crediting the firm, the attempt by these family creditors to secure a preference over other creditors of the firm was fraudulent in fact, and rendered the deed of assignment void.

It would render this opinion too long by far if we should attempt to review all of the cases cited on both sides here upon this question. We think, however, without substantial conflict, the following rules will be found to be sustained where the matter is not governed and controlled by a local statute: *First*—Antecedent and fraudulent acts by the assignor, in which the assignee or beneficiaries have not participated, will not render an assignment for the benefit of creditors void. *Second*—Mere fraudulent concealment of assets by the assignor at the time of or after the deed of assignment, if done without the concurrence of the assignee or beneficiaries, will not avoid the deed. *Third*—Fraudulent preferences or conditions in a voluntary deed of assignment itself will avoid it, whether known to the assignee or beneficiaries or not. We are aware of the fact that on this latter proposition there is considerable conflict of authority, but much of it is explained by the fact that state bankrupt laws or insolvent laws directly affect many of the decisions where no such statute exists. We think the weight of authority is that in voluntary assignments for the benefit of creditors, where the fraudulent intent of the assignor is carried into the deed itself, and made operative through it,

this renders it void, without regard to the question whether the assignee or beneficiaries knew anything of it or not. See *Wilson* v. *Forsyth,* 24 Barb. 105; *Rathbun* v. *Platner,* 18 Barb. 272; *Bank* v. *Atwater,* 2 Paige, 54; *Savage* v. *Knight,* 92 N. C. 493; *Hunt* v. *Weiner,* 39 Ark. 75; *Craft* v. *Bloom,* 59 Miss. 69. But there lies a distinction between such voluntary conveyances and absolute conveyances for a valuable consideration.

In these latter cases, where there is a valuable consideration paid by the grantee, he gets a good title, notwithstanding the intent of the maker to defraud, if he is not a party to such fraud, and buys without knowledge of the corrupt intent. This distinction appears to us to be a sound one, but the failure to observe it is, in our opinion, the reason for much apparent conflict of opinion among the courts upon the question as to whether the fraudulent intent of the maker, effectuated by means of a deed, avoids the instrument or not. A voluntary deed of assignment is usually the result of the operation of the mind of the grantor alone, while a deed purporting to convey the estate absolutely is a contract requiring the concurrence of the minds of both the grantor and grantee. In the former, as we have said, the fraudulent purpose of the maker affects the entire deed, and makes it void; while in the latter case, to give it the same effect, is to perpetuate an absolute wrong on the innocent grantee. This distinction is well sustained by authority as well. *Wilson* v. *Forsyth, supra; Reiger* v. *Davis,* 67 N. C. 185; Bump, Fraud. Con. p. 364, and cases in note.

There are some cases which hold that, where a voluntary assignment for the benefit of creditors is made to secure several independent debts, some of which are valid and some fictitious, the court will eliminate the fictitious, and allow the deed to stand as to those that are good. In the case of *Smith* v. *Sipperly,* 9 Utah, 267, 34 Pac. 54,

we distinguished these cases, and held, on the authority of the supreme court in *Peters* v. *Bain,* 133 U. S. 690, 10 Sup. Ct. 354, that where the fraud complained of was fraud in law only, and it could be eliminated from that which was good in the deed, then the latter portion would be allowed to stand. The other rule—that a transaction void in part for fraud in fact is entirely void—is fully sustained by the case of *Crawford* v. *Neal,* 144 U. S. 598, 12 Sup. Ct. 759. Now, in the case at bar, the assignee, Remington, was not a creditor of the insolvent corporation at all. It owed him nothing, yet it made a deed to him, by which he is created a creditor for the sum of $2,225; and he is by the same instrument preferred for the whole of this sum as against the *bona fide* creditors of the concern. It takes no argument to show that this is fraud in fact as distinguished from fraud in law, and it seems to us that, under the facts found, if Remington did not participate in this fraud, he must have purposely avoided learning that which it was not to his interest to know. The judgment is reversed, and the cause remanded, with directions to enter judgment in favor of the plaint-iffs upon the facts found; appellants to recover costs.

MERRITT, C. J., and MINER and BARTCH, JJ., concur.