WISE, Respondent, v. WIMER, Appellant.

23  237
40a  62

1. In a suit brought by an assignee against the sheriff for improperly levying an attachment in favor of a creditor of the assignors, the record of the attachment suit (the assignee not having been a party thereto) is inadmissible in evidence to show fraud in the assignment.

2. To make an assignment for the benefit of creditors void for fraud, the fraud must be brought home to the assignee.

*Appeal from St. Louis Court of Common Pleas.*

This was an action brought to recover the value of certain personal property, which defendant had seized and carried away, and of which plaintiff claimed to have been in the lawful possession as owner in trust for the benefit of the creditors of Osborne, Camp & Co., they having made an assignment of the same for the benefit of their creditors. The defendant set up in his answer that he made the seizure complained of, as sheriff of St. Louis county, by virtue of a writ of attachment in his hands against said Osborne, Camp & Co. ; that his levy was made before the execution and delivery of the deed of trust to plaintiff; also, that said deed was made with intent to hinder, delay and defraud the creditors of said Osborne, Camp & Co.

The cause was tried by the court, and judgment was given for the plaintiff. The facts, as found by the court, sufficiently appear in the opinion of this court. In the course of the trial defendant offered in evidence the record of the proceedings in the attachment suit in which the levy was made ; it was ruled out as inadmissible.

*Knox & Kellogg,* for appellant, cited 11 New Hamp. 55 ; 2 Hill, 628 ; 2 Shepley, 303 ; 16 Pick. 33 ; 17 Mass. 110 ; 13 Met. 304, 200 ; 11 Pick. 352; 10 Serg. & Rawle, 201 ; 17 Pick. 140 ; 2 Watts & Serg. 147 ; 1 Hoff. 511 ; Smith, 190 ; 17 Ver. 271 ; 6 Watts & Serg. 94 ; 5 Mo. 463.

*Krum & Harding,* for respondent, cited 18 Mo. 13 ; 19 Mo. 17.

16—VOL. XXIII.

RYLAND, Judge, delivered the opinion of the court.

From the finding of the facts by the court in this case, it is obvious that, whether the deed of assignment be such an instrument as is required by law to be recorded or not in order to give it validity, there was such a delivery here of the assigned property by the assignors and a possession of it by the assignee as to do away with the necessity of recording the instrument. The assignment was made on the 14th July, 1854. The assignee, Wise, asked for the key of the shop and premises of Osborne, Camp & Co., which was delivered to him. He thereupon delivered the key and assignment to Mr. Lord, informing Lord that Osborne, Camp & Co. had made an assignment to him (Wise), and asked Lord if he would take possession of the property named in the assignment for him (Wise), and keep possession thereof as Wise's agent. Lord agreed to do so ; and about five o'clock in the evening went to Osborne, Camp & Co.'s place of doing business with the key, and took possession of the premises. The said place of business had been kept open, as usual, during the whole of said 14th day of July, 1854, and after Lord took possession continued open till six o'clock, which was the customary hour of closing the same. Lord then locked the front door, and kept the key thereof, leaving the side door open, as usual, for the workmen to leave by. Whilst the property was in this condition, in possession of Lord, he being actually present in the back part of the shop, the defendant's deputy entered the side door and seized and carried away the property now sued for. The sheriff's deputy and the plaintiff in the attachment were informed of the assignment by Osborne, Camp & Co. to the plaintiff for the benefit of their creditors. On the 15th of July, the deed of assignment was duly filed for record. If by the law this instrument was to be recorded in order to give it validity, and of this there is much doubt, still there must be a reasonable time allowed for such filing and recording. Here, the instrument

was filed the next day, and surely this ought to be considered within reasonable time.

Whether, then, we look at this case in regard to the possession of the property by Wise, the plaintiff, after the execution of the assignment, or at the time when the instrument was filed for record, we think, on both grounds, the law is with the plaintiff, and was properly so decided for him by the lower court.

There is no error in rejecting the record of the suit between Anderson and Osborne, Camp & Co. It was not proper evidence against Wise in this suit. He was no party; and there is no charge against him of fraud. Fraud must be brought home to him to make the assignment void, so far as his rights are involved. (Gates v. Labeaume, 19 Mo. 17.) This was so decided last term in the case of Stewart v. Wimer, not yet reported. In order to affect the assignee, he must be charged with complicity in fraud of the assignors.

Upon the whole record, as presented to us, there appears no error. The facts found are sufficient to sustain the judgment; and we see no error in admitting or rejecting evidence or in declaring the law of the case. The judgment will therefore be affirmed; the other judges concurring.