JOHN O. FERRALL, trading as JOHN O. FERRALL & Co. *vs.* CHARLES T. FARNEN, Garnishee and Claimant, and others.

*Assignment for Benefit of Creditors—Validity—Fraudulent intent—Knowledge—Participation—Garnishee—Motion to Quash Attachment—Right to Dismiss motion.*

A general assignment of all the property of the grantor in trust, for the benefit of all his creditors, without any preference, save such as the law may make, and without exacting releases or imposing conditions, is a valid conveyance without reference to the fraudulent intent of the grantor, provided the trustee is not implicated in such fraud.

In order to set aside a deed of this character there must not only be a fraudulent intent on the part of the grantor, but also a knowledge and participation of the trustee in such fraudulent intent.

A garnishee and claimant who has elected to try his case before the Court upon a motion to quash the attachment, has the right, after the evidence has been partly taken, to dismiss his motion, and by filing a plea, to try the same question before a jury.

APPEAL from the Baltimore City Court.

At the instance of John O. Ferrall, trading as John O. Ferrall & Co., claiming to be a creditor of Ferdinand H Sieward, trading as F. H. Sieward & Co., an attachment was issued and laid in the hands of said Sieward and on certain leasehold property, and in the hands of Charles T. Farnen, trustee under a deed from said Sieward conveying all the property and estate of the grantor for the benefit of his creditors, and in the hands of others. A motion was made by Farnen to quash the attachment. Subsequently the motion to quash was dismissed and the case was tried before a jury upon issue joined.

*Exception.*—The plaintiff offered the four prayers following :

Ferrall *vs.* Farnen.

1. If the jury find from the evidence, that at the time of the attachment issued in this case, the said Ferdinand H. Sieward, trading as F. H. Sieward & Co., was *bona fide* indebted to plaintiff in the sums respectively of $750 and $455.20, on the promissory note and open account offered in evidence and set forth in said writ of attachment, and that said Sieward was so indebted before and at the time of the execution of the deed of trust to Charles T. Farnen, offered in evidence. And shall further find, that at and before the execution of said deed, said Sieward was largely indebted to other persons, and that being so indebted, he had assigned, disposed of or concealed his property, or some portion thereof, with intent to defraud his creditors, and that the said deed of trust was executed by said Sieward in pursuance of such intent, and for the purpose and as means of covering of the said assignment, disposition or concealment of his said property or some portion thereof, with intent to defraud his creditors, and that said deed might, by its terms or provisions, operate as an instrument in aid of said intent, and that the said Farnen at the time of the execution thereof, had knowledge of the fact, (should the jury find it to be a fact,) that said Sieward had assigned, disposed of or concealed his property, or some portion thereof, with intent to defraud his creditors, and executed said deed with the purpose aforesaid, and aided said Sieward in the consummation of said intent and purpose as set forth, then said deed is void.

2. If the jury find for the plaintiff under the first prayer, and further find that said Farnen, garnishee, had in his hands moneys which come to him under and by virtue of said deed, larger in amount than the debt or claim of plaintiff, then the plaintiff is entitled to recover in the case against said Farnen, garnishee.

3. If the jury find for the plaintiff under the first prayer, and further find that the leasehold premises described in

the sheriff's return, belonged to said Sieward at the time of the execution of said deed, and the said Farnen has no right or title to the same except under said deed, then the plaintiff is entitled to recover in the case against said Farnen, claimant.

4. That if the jury find for the plaintiff under the first prayer, and furthermore find that said Cassard Brothers, garnishees, have in their hands moneys arising from the sale of goods, (which at the time of the execution of said deed belonged to said Sieward, and were then pledged by him to them for advances,) over and above all claim and charges on their part, and larger in amount than the debt or claim of plaintiff, then the plaintiff is entitled to recover in the case against them as garnishees.

The garnishees and claimant offered the following three prayers:

1. That if the jury believe from the evidence that the deed dated the 31st of March, 1884, was duly executed, acknowledged and recorded on that day, then the plaintiff is not entitled to recover under the writ of attachment and proceedings in this cause, notwithstanding the jury may believe from the evidence that the defendant, Sieward, prior to the making of said deed, fraudulently assigned or concealed some portion of his property, or did some other act to hinder, delay and defraud his creditors, unless they find also from the evidence that the said Sieward intended by the execution of the deed itself, to hinder, delay or defraud his creditors, and that at the time of the execution of said deed. Farnen had knowledge of said last mentioned intention and aided or participated therein.

2. That apart from the insolvent laws of the State, a debtor in failing circumstances may prefer one creditor to another, or apply his property or money to the payment of certain debts in preference to others, and that the said insolvent laws do not apply to this case.

3. That the deed of trust offered in evidence, on its face is not condemned by the law as fraudulent, but is, on the contrary, sanctioned and approved, and the burden of proof is upon the creditor assailing this assignment to show that although valid on its face, it was, in fact, not executed in good faith, but was intended by both Sieward and Farnen to hinder, delay and defraud the creditors of Sieward.

The Court (BROWN, C. J.) granted the prayers of the plaintiff as also those of the garnishees and claimant. To the granting of the prayers of the garnishees and claimant the plaintiff excepted. A verdict was rendered for the garnishees and claimant, and a verdict for the plaintiff was rendered in the short note case against F. H. Sieward. Judgments were entered on the verdicts. The plaintiff appealed from the judgment in favor of the garnishees and claimant.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, RITCHIE, and BRYAN, J.; and was re-argued before ALVEY, C. J., YELLOTT, ROBINSON, IRVING, and BRYAN, J.

*Albert Ritchie,* for the appellant.

*F. W. Brune,* and *Michael A. Mullin,* for the appellees.

STONE, J., delivered the opinion of the Court.

This was an attachment case, and the issue, upon which the case was tried before a jury, was whether the deed under which the garnishee and claimant, Farnen claimed title, was in fact fraudulent and void. The deed itself was a general assignment of all the property of the grantor, a certain Ferdinand H. Sieward to Farnen as trustee for the benefit of all the creditors of the grantor.

The deed is good upon its face, and the issue tried was fraud in fact *vel non.*

This case has been twice argued before this Court, and carefully considered. Upon the re-argument the Court has changed its opinion upon the point that it desired re-argued, and the former opinion will be withdrawn and this substituted.

The deed in this case is a deed of trust or general assignment for the benefit of all the creditors of the grantor. It does not exact releases and it does not create any preferences, and is valid upon its face.

The question presented by the first and third prayers of the appellant is whether such a deed can be set aside by proof of the fraudulent intent on the part of the grantor alone; that is to say, whether in order to set aside a deed of this character there must not only be a fraudulent intent on the part of the grantor, but also a knowledge and participation of the trustee in such fraudulent intent.

There have been conflicting decisions upon this point in the Courts of this country, and these decisions we will not review or attempt to reconcile, as, in fact, they are irreconcilable; but we will base our decision upon the more recent opinions of this Court, and what we think the general conclusion the legal profession has drawn from them.

The leading case in this State on this subject, is the case of *Horwitz vs. Ellinger*, 31 *Md.*, 492. The deed in that case was a general assignment for the benefit of creditors and without preferences, (except such as the law made,) and without exacting releases. A creditor of the assignor laid an attachment in the hands of the trustee, claiming that the assignor had fraudulently obtained his money and then executed the deed. The instruction granted by the lower Court, was, that if from all the evidence the jury found, "that the execution and delivery of said deed were, and were meant to be, a consummation of the fraud committed by receiving the plaintiff's money, and if they so

find, the plaintiff is entitled to recover." This instruction presented the question of the fraudulent intent on the part of the grantor, but the action of the Court below in granting it, was reversed by this Court, and in the opinion the Court said: "But a general assignment for the benefit of all creditors, such as the one before us, is not denounced by the law as fraudulent, but, on the contrary, sanctioned and approved. That being so, is it competent for the appellee to 'vacate this assignment as to himself, while it may be good as to everybody else, by showing some particular motive in the assignors in making it? Clearly not. We are dealing with the act of the parties, and if that be such as the law authorizes and approves, the secret motives that prompted it are wholly immaterial."

In the case of *Foley vs. Bitter*, 34 *Md.*, 646, the deed made preferences and exacted releases, and in the opinion the Court said: "If the assignment be made with the fraudulent intent to delay, hinder and defraud creditors, and at the time of its execution be intended to be, *and by its terms may operate as, an instrument in aid of the fraud,* then it falls 'within the words as well as the mischief of the Statute,' and is void as fraudulent in fact;" and further on the Court says:—" We place our judgment in setting aside this deed, upon the distinct ground that it was found to have been fraudulent in fact, *and contained stipulations for releases which were intended to operate, and in fact did operate, in aid of the fraudulent acts of the grantors."*

In this case the Court rests its decision very distinctly upon two grounds, first, the fraudulent intent of the grantor, and secondly, upon the terms of the deed which might and did in that case, operate in aid of the fraud. It did not rest on the fraudulent intent of the grantor only. Something more is required. If, in addition to the fraudulent intent of the grantor, the deed may by its

6                    v. 67.

terms, and does in fact, aid in the fraud, then it is invalid. But the deed in this case, like that in *Horwitz vs. Ellinger*, cannot operate *by its terms* in aid of a fraud. It is a general assignment of all the property of the debtor for the benefit of all his creditors, without any terms or conditions. If the debtor purposely *conceals* a portion of his property, the title, nevertheless, passes to the trustee, and it becomes his duty, and is to his interest, to take possession of it. It is to the interest of the creditors to aid him in so doing. The title vesting in the trustee, in fact facilitates the creditors in the recovery of the property. That the property rests in a trustee for his *benefit*, cannot hinder and delay the creditor, either in law or in fact. If he, the trustee, performs his duty, such deed expedites and hastens the settlement of the claims of the creditors. It is only where the *trustee* becomes implicated in the fraud that such a deed can be made to hinder and delay creditors, and in such case the deed is void.

The Statute of Elizabeth only applies to such conveyances as may hinder, delay or defraud the creditor. If a conveyance like the one before us, cannot, without fraud on the part of the trustee, so operate, then the Statute does not apply. From what we have said, the deed in this case, even if there be a fraudulent intent on the part of the grantor, cannot hinder, defraud or delay the creditors of the grantor, without fraud on the part of the trustee, and is, therefore, not within the Statute.

There are many other cases referred to in the very exhaustive briefs filed in this case, and the greater part of which we have examined, but which we do not think it necessary to refer to. The two cases we have selected, furnish, we think, sufficient illustration for our decision.

On this part of the case, we are of opinion, that where there is a general assignment of all the property of the grantor, for the benefit of all his creditors, without any preference, (except such as the law may make,) and without exacting releases or imposing conditions, such con-

veyance is valid without reference to the fraudulent intent of the grantor,—provided the trustee is not implicated in such fraud.

It follows from what we have said, that the first and third prayers of the defendant are substantially correct.

As to the objection raised by the appellant, that he was entitled to a jury trial, it is no longer an open question in this Court, since the case of *Wilhelm vs. Roloson*, 37 *Md.*, (*Unreported*,) and the cases there cited, where the right of the Court to hear and determine, *on a motion to quash* an attachment case for matters *dehors* the record, without the intervention of a jury, was distinctly recognized.

But the garnishee and claimant in this case having elected against the protest of the plaintiff to try the motion to quash before the Court, and after the evidence had been in part taken on such motion, dismissed the motion he had made, and filed a plea. The plaintiff then, by a replication to the plea, raised the question whether the trustee and claimant had the right after an election by him to try the case before the Court on motion, and after a part of the testimony had been taken, to abandon such election, and to try the case before a jury. The Court below, by overruling his replication, decided that he had such a right. The point is thus fairly presented to us, whether the garnishee and claimant who has elected to try his case upon a motion to quash before the Court, and after the evidence had been partly taken, has the right to dismiss his *motion*, and by filing a plea to try the *same question before a jury*.

It is undoubtedly true as a general rule that the plaintiff may, at any stage of his case, suffer a *non pros* and begin *de novo*, either the same or a different action. It is also certainly undeniable that the garnishee or claimant who makes a motion to quash, may abandon such motion at any time before the final decision of it. The motion to quash is a summary proceeding, triable before the Court.

It may include matters apparent upon the face of the proceedings as well as matters *dehors.* But he may waive his right to a summary proceeding, as far as the matters. outside of the record are concerned, and resort to a plea, which does require the intervention of a jury. The Courts have gone as far as they well could in allowing *on a motion to quash,* facts to be tried by the Court, but they have never claimed or assumed the right to try and determine the truth of a plea involving matters of fact. In *Lambden vs. Bowie,* 2 *Md.,* 339, the Court says, "we think that such defects, not apparent in the proceeding upon attachments, as, according to the authority of *Campbell vs. Morris,* might be made available on a motion. to quash, may now be used in the same manner, or may be *pleaded,* at the option of the garnishee."

There is no motion ever made in a Court of law, that the maker may not dismiss, and we see no reason why a motion to quash an attachment should be made an exception.

The whole authority of the Court to try these questions arises from the manner of their presentation. If presented in the form of a motion, it has been, as we have shown, again and again decided that the Court had the power to try and determine such motion in a summary way. If presented by way of plea, a jury is the only tribunal competent to pass upon them, except by consent. A motion is addressed to a Court. A plea involving a matter *in pais,* is an appeal to a jury, and which every one has the undoubted right to make.

We think the Court below committed no error, therefore, in allowing the claimant to dismiss his *motion to quash,* and file a plea. The terms and conditions upon which such amendments are to be made, are necessarily in the discretion of the Court below.

*Judgment affirmed.*