ORSON H. PETTIT, RESPONDENT, *v.* ELIAS H. PARSONS, APPELLANT.

[See *Smith* v. *Sipperley, post.*]

ASSIGNMENT.—FRAUD.—ASSIGNEE.—Where an assignment for the benefit of creditors is attacked on the ground of fraud in fact, it is necessary to show that the fraudulent acts complained of affected the assignment in some way, by being participated in by the assignee.

ID.—ID.—PREFERENCE OF RELATIVE.—Where in an assignment by partners for the benefit of creditors, a brother of one of the partners, who is a *bona fide* creditor of the partnership, is made one of the preferred creditors, such preference is not in itself fraudulent.

ID.—ID.—PRIOR ACTS OF FRAUD.—Where it appeared that prior to
the making of the deed of assignment, partners made a bill of
sale and chattel mortgages to certain of their creditors, but
that neither the deed of assignment nor the assignee had any
connection with the bill of sale and chattel mortgages claimed
to be fraudulent, and where the assignee actually took pos-
session and held the property under the deed of assignment,
evidence of the bill of sale and chattel mortgages was imma-
terial.

APPEAL from a judgment of the district court of the
third district and from an order refusing a new trial, Hon.
Charles S. Zane, judge. The opinion states the facts except
the following:

The court instructed the jury that there was no evidence
of any fraud in the assignment. The bill of sale attempted
to be introduced was made four days before the assignment
by Webb and Olsen to William H. Roy. A chattel mortgage
was also executed to said Roy on the same day. This evi-
dence was objected to as immaterial and incompetent.
Counsel offering the evidence admitted that the bill of sale
was a separate transaction from the assignment, that the
assignee had no knowledge of the transaction, and that
Roy never took possession of the goods mentioned in the
bill of sale. The objection was sustained by the court. As
to the second chattel mortgage, it was executed to Albert
T. Webb, brother of one partner, to secure a *bona fide* part-
nership debt, on the morning of the day on which in the
afternoon the assignment was made. Webb took possession
of the whole stock of goods, but in the afternoon, when the
assignment was made, surrendered his possession to the
assignee. This chattel mortgage was objected to and
excluded.

The deed of assignment was admitted in evidence. It
assigned all the partnership property and all the individual
personal property of the partners except that exempt from

execution. Under it both Roy and Albert T. Webb were preferred creditors.

The appellant (defendant below) also offered to show that for the purpose of obtaining credit the said Webb and Olsen fraudulently misrepresented their financial standing during the month of December, 1890, just prior to making the assignment. This evidence was excluded.

*Mr. Sidney W. Darke,* for the appellant.

The execution of the bill of sale, of the chattel mortgages and of the assignment were all parts of one transaction, and they, being fraudulent, vitiated the assignment. *Rothenberg* v. *Bradley,* 10 South. Rep. 922; *Hutchinson's Executrix* v. *Boltz,* 14 S. E. Rep. 267; *Barlett* v. *Cleavenger,* 14 S. E. Rep. 273; *Carnahan* v. *Schwab,* 127 Ind. 507; *Brown* v. *Work,* 47 N. W. Rep. 192; *Baldwin* v. *Short,* 125 N. Y. 553; *Hill* v. *Woodbury,* 49 Fed. Rep. 138; *Sylvester* v. *Hesslein,* 5 Ohio Cir. Ct. 256; *Weber* v. *Mick,* 131 Ill. 520; *Smith* v. *Perine,* 121 N. Y. 376; *Burnham* v. *Haskins,* 79 Mich. 35; *Stove Co.* v. *Wilson,* 80 Iowa, 697; *Ball* v. *Sawyer,* 62 Vt. 367.

*Messrs. Rawlins and Critchlow,* for the respondent.

They cited *Emerson* v. *Center,* 118 U. S. 1; *Estees* v. *Gunter,* 122 U. S. 454; *Peters* v. *Bain,* 133 U. S. 690; *Brashear* v. *West,* 7 Pet. 608; *Reed* v. *McIntyre,* 98 U. S. 508; *Mayor* v. *Hellman,* 91 U. S. 496; *Brooks* v. *Marbury,* 11 Wheat. 78.

BARTCH, J.:

In this case the plaintiff was in the possession of certain goods as assignee, and, while so in possession, the defendant, being United States marshal, seized the goods under

a writ of attachment, and sold them. The plaintiff brought this action to recover possession, or, if delivery could not be obtained, then for the value of the goods. The jury returned a verdict in his favor for the sum of $880 and costs, and, a motion for a new trial having been overruled, the defendant appealed to this court.

Counsel for defendant contends that the assignment made by the firm of Webb & Olsen for the benefit of their creditors, and under which the plaintiff claims possession, was fraudulent and void. There are some charges of fraud as to Webb & Olsen set up in the answer, but there is no allegation connecting either the assignee or the creditors with it. Nor does the evidence show that the assignee or creditors participated in any fraud, or were connected therewith. In fact, it appears to be admitted that the assignee knew nothing of the assignment before it was made, nor until the papers were handed to him executed, and he was asked to serve as assignee. The defendant offered to introduce in evidence a bill of sale and chattel mortgages, made to creditors prior to the assignment; but, there being nothing to show that the assignee had anything to do with the transactions prior to the assignment, and no allegations of fraud as to the creditors appearing in the answer, the court refused to admit them. Counsel complains of this ruling by the court. Fraud will not be presumed. It must be alleged, and the party alleging it must prove it by competent evidence. Even if these instruments were fraudulent, they would not invalidate the assignment, unless it were shown that the assignee or beneficiaries participated in the fraud. The defendant made no offer to show that such was the case, and therefore the ruling of the court was proper. Other evidence offered for similar purposes was likewise properly excluded.

Counsel lays much stress upon the fact that one of the

preferred creditors is a brother of one of the assignors. While courts will always scrutinize such transactions, yet it is not an element of fraud *per se.* Such a preference, when the assignor acts in good faith, may be given in the exercise of a lawful right, and will not affect the conveyance. It is a right which results from the absolute ownership of property. The supreme court of Mississippi, in *Eldridge* v. *Phillipson,* 58 Miss. 270, said: "Preferences to creditors are valid if they be *bona fide,* and reserve no benefit to the debtor. The right to make a preference results from the dominion which the owner has over his property. It is a part of his proprietorship. The law has not said he shall divide his estate ratably among his creditors. It has left to him the discretion to act as he wills, provided only he acts with the honest intent to pay a valid debt, and does not, under cover of such a disposition, stipulate for a benefit to himself." In *Tompkins* v. *Wheeler,* 16 Pet. 106, Mr. Justice Thompson, delivering the opinion of the court, said: "That a debtor has a legal right to prefer one or more of his creditors over others, when the transaction is *bona fide,* is not an open question in this court." *Brooks* v. *Marbury,* 11 Wheat. 78; *Reed* v. *McIntyre,* 98 U. S. 507. Nor does fraud on the part of the assignors vitiate the assignment, or affect the rights of the assignee and of the beneficiaries of the trust who had no knowledge of the fraud, and were in no way connected with it. To have such an effect, there must be a fraudulent contrivance on the part of the assignee or of the persons to be benefited by the assignment.

Mr. Chief Justice Fuller, in *Peters* v. *Bain,* 133 U. S. 690, 10 Sup. Ct. Rep. 354, says: "The inquiry is not whether the grantors had been previously guilty of fraud or embezzlement, but whether this particular conveyance was made with a fraudulent intent known to the trustee or beneficiaries." So, in this case, the question is not

whether the assignors were guilty of fraud anterior to the assignment, but whether such fraud, if any was committed, was participated in by, or was within the knowledge of, the assignee or beneficiaries. *Emerson* v. *Senter*, 118 U. S. 3, 6 Sup. Ct. Rep. 981; *Mayer* v. *Hellman*, 91 U. S. 496; *Estes* v. *Gunter*, 122 U. S. 450, 7 Sup. Ct. Rep. 1275. Nothing appears upon the face of the instrument in question to indicate that it was made for any other purpose than to make a *bona fide* provision for the payment of the debts of the assignors, providing first for the preferred creditors, and then for other creditors. Nor does the record disclose any specific acts, made out by the proofs, establishing any actual fraud in which the assignors and assignee or creditors were participants. Under these circumstances, the assignee was lawfully in possession of the goods, and the writ of attachment conferred no right of seizure and sale upon the United States marshal. He is therefore responsible for his unlawful act. The judgment of the court below is affirmed.

MINER, J., and SMITH, J., concurred.