F. O. GROOME, APPELLANT, *v.* OGDEN CITY CORPORATION, RESPONDENT.

1. LEASE —IMPLIED COVENANTS OF TITLE. — CAVEAT EMPTOR. — Plaintiff leased land of defendant on which were springs, the water from which flowed on the land of W., who had the sole title to the water by original appropriation for irrigation. *Held*, that the general covenant implied by the words " lease and demise " used in the lease, was limited by an express covenant that the lessee should quietly keep the premises "without hindrance or molestation from the said lessor or any body claiming by, through or under it," and that plaintiff cannot recover for the loss of the use of the water, as W. did not claim by, through or under defendant, and that under such a covenant the lessee becomes the purchaser *pro tanto*, and that the maximum of *caveat emptor* applies and that he must ascertain at his own peril the sufficiency of the lessor's title to the premises including the appurtenances.

2. ID.—PAROL EVIDENCE.—In the absence of fraud, accident or mistake, conversation and oral agreements between the parties prior to its execution are not admissible to vary the terms of a written contract.

3. FINDINGS.—MATERIAL ISSUES.—REVERSIBLE ERROR.—It is not error for the court to fail to make findings on immaterial issues raised by the pleadings, nor is it reversible error to fail to make findings on material issues when they would neces-

sarily have been prejudicial to the appellant when the facts already found are sufficient to sustain the judgment.

(No. 490.   Decided June 29, 1894.   37 P. R. 90.)

APPEAL from the district court of the fourth judicial district, Hon. James A. Miner, *Judge.*

Action by F. O. Groome against Ogden City for damages for breach of contract. Judgment for defendant and plaintiff appeals. *Affirmed.*

*Messrs. Breeden & Gunnell,* for appellant.

Evidence of language used by the parties during the negotiations explanatory and not contradictory of the language used in the contract is admissible. 1 Green on Ev. note 2, p. 329, note 2; 8 Wall. 1; 5 New York, 28; 15 Ill. 423; 100 Mass. 63; 87 Ind. 1; 78 New York, 74. The words "lease and demise" used in the lease means warranty of title or the right of the lessee to let and lease the land and water. Gear, L. & T. sec. 67; 92 U. S. 107; 4 Am. & Eng. Ency. of Law. 484; 16 Am. Rep. 388; 52 Am. Rep. 361 and note. In all leases the law implies covenant against the paramount title in another. *Berrington* v. *Parry,* 78 Ill. 317. There is no finding on the disputed question of damages, and for this reason alone the judgment must be reversed. *Le Clert* v. *Oullahan,* 52 Cal. 252. If there be a material fact in respect to which the findings are silent, this is a proper ground of exception to them, and if the court still refuses to find as to that fact, it will be an error on appeal. *Hathaway* v. *Ryan,* 51 Cal. 191.

*Mr. R. H. Whipple,* City Attorney, for respondent.

BARTCH, J.:

This is an action to recover damages for breach of con-

tract. The court entered judgment in favor of the de-
fendant, and, a motion for a new trial having been over-
ruled, the plaintiff appealed, assigning various errors. It
appears from the record that on the 30th day of July,
1892, the·plaintiff was operating a tannery in the city of
Ogden, and on the same day entered into a contract, by
the terms of which the defendant demised to him a certain
tract of land for a stipulated term. That portion of the
contract which is material to the decision of this case
reads as follows: " That the said Ogden City hereby leases
and demises unto the said F. O. Groome the following
described tracts of land." Then follows the description of
the land, the terms, covenants to be performed by the
lessee, etc., and then it further provides: "And the said
lessor, for itself, its successor, successors, and assigns, does
hereby covenant to and with the said F. O. Groome that
he shall quietly keep the said premises for the term afore-
said, for the purposes aforesaid, without hindrance or
molestation from the said lessor or anybody claiming by,
through, or under it; the said lessee well and truly keep-
ing and performing the covenants aforesaid on his part to
be performed;" and then follow other provisions. On the
land described in the lease there were certain springs, the
water of which flowed on to the land of one Weaver, who
had appropriated it for the purposes of irrigation many
years prior to the date of the lease. ·After the plaintiff
had erected his tannery on the land, Weaver claimed the
water, and by order of court restrained the plaintiff from
using it.

The appellant contends that the use of this water was
included in the lease, as appurtenant to the land, and
that the words "lease and demise," used in the lease,
constitute a warranty of the title, or right of the lessee to
let and lease the land and water. If this contention be
correct, then the city is responsible in damages, for it is

clear that the appellant was dispossessed, as to the use of the water, by one holding a paramount title to that of the respondent. The words "lease and demise" are technical terms, and are frequently used to signify the estate or interest conveyed. They properly apply to the instrument of conveyance, and to prevent a more general unqualified covenant of warranty by implication in law, an express covenant for quiet enjoyment is frequently inserted in the instrument, more as a protection to the lessor than to the lessee. Such is the case in the instrument under consideration, for it is expressly stated that the lessee shall quietly keep the premises for the purposes therein stated, "without hindrance or molestation ·from the said lessor, or anybody claiming by, through, or under it." This express covenant limits the generality of the covenant implied in the words "lease and demise," and under such covenant the lessee becomes a purchaser *pro tanto*, and the maxim of *caveat emptor* applies. At his peril, therefore, he must ascertain the sufficiency of the lessor's title to the premises, including the appurtenances. In such a case the lessor intends to limit his liability to protect the lessee against injury resulting from defects of title and disturbances of possession to cases arising because of the lessor's own acts and of the acts of those representing him or claiming under him, and to this the lessee consents by executing and accepting the lease. A qualified covenant will not be rendered void in law by the more general covenant implied in the words employed in the lease.

Wood, in his treatise on the law of Landlord and Tenant, in section 357 (2d ed.), states the law as follows: "Such covenant may be safely entered into by any lessor who never had any title whatever to the demised premises, or any part thereof; because any subsequent entry, eviction, ejectment, or other interruption or disturbance by the real owner, or by the party entitled to possession, or by any

other person who does not claim 'by, from, or under' the lessor, would be no breach of such qualified covenants." Again, in section 359, the same author states: "The usual qualified covenant for quiet enjoyment is frequently inserted more for the protection of the lessor than for the lessee, and to prevent a more general and unqualified covenant being implied by law from the word 'demise,' or any equivalent word, such as 'let' or 'lease.' So in conveyances the usual qualified covenants for title, etc., are introduced 'for the purpose of qualifying the general warranty with the old common-law covenant implied.'" See, also, section 358. Tayl. Landl. & Ten. § 307; Rawle, Cov. § 275; *Burr* v. *Stenton*, 43 N. Y. 462; *Deering* v. *Farrington*, 1 Mod. 113; *Dennett* v. *Atherton*, L. R. 7 Q. B. 316.

Counsel insist that the court erred in rejecting the evidence offered by the appellant, as to conversations, understandings, and oral agreements had between the appellant and officers of the respondent prior to the execution of the lease. There is no allegation of fraud, accident, or mistake in the complaint. How, then, can the plaintiff introduce evidence to show the understandings and agreements of the parties which led up to and culminated in the making of the lease? Clearly, in the absence of proper allegations, such evidence would be immaterial and incompetent, for the anterior proceedings between the parties were merged in the written instrument, which is complete in itself, and must speak for itself. It is executed by both parties, and does not require the aid of extrinsic evidence to comprehend its terms. Nor can such evidence be admitted to add to or vary the terms of the instrument in the absence of fraud or mistake. In *Kain* v. *Old*, 2 Barn. & C. 627, Chief Justice Abbott said: "Where the whole matter passes in parol, all that passes may sometimes be taken together as forming part of the contract, though not always, because matter talked of at the commence-

ment of a bargain, may be excluded by the language used at its termination. But if the contract be in the end reduced into writing, nothing which is not found in the writing can be considered as a part of the contract." Benj. Sales, § 621; *Mast* v. *Pearce,* 58 Iowa, 579, 8 N. W. 632, and 12 N. W. 597; *Baker* v. *Morehouse* (Mich.), 12 N. W. 170; *Johnson* v. *Walter,* 60 Iowa, 315, 14 N. W. 325.

It is further claimed by counsel for appellant that the court failed to find on all the issues, and this is insisted upon as error. It is evident, as appears from the record, that the finding of further facts was immaterial, for, if they had been found, they would necessarily have been prejudicial to the appellant. The facts found show that there was no breach of the covenant of the lease by the respondent, and this rendered further findings unnecessary. Even on material issues, a failure to find facts is not reversible error if, when found, they must necessarily have been adverse to the appellant, and when those already found are sufficient to support the judgment. *Hutchings* v. *Castle,* 48 Cal. 152; *People* v. *Center,* 66 Cal. 551, 5 Pac. 263, and 6 Pac. 481; *Knowles* v. *Seale,* 64 Cal. 377, 1 Pac. 159.

There is no pretense that Weaver, the successful claimant of the water from the springs in question, derived his title thereto from the respondent. It is shown that he was the original appropriator, and that the respondent never did have any title to the water. Nor is there any contention that the respondent, or any one by, through, or under it, has asserted any claim, or caused any disturbance to the title or possession of appellant. We are of the opinion that there is no material error in the record. The judgment is affirmed.

MERRITT, C. J., and SMITH, J., concur.