OGDEN STATE BANK, APPELLANT, *v.* WILLIAM
    BARKER AND OTHERS, DEFENDANTS, CHARLES
    M. BROUGH, RESPONDENT.

VOLUNTARY CONVEYANCE. — WHEN FRAUDULENT. — VALIDITY OF
    MORTGAGE BY GRANTOR AND GRANTEES IN A VOLUNTARY
    CONVEYANCE.—Plaintiff was a creditor of one who conveyed
    land to his sons.    After the debt had been put into judgment,
    the debtor and his sons joined in a mortgage to defendant to
    secure the payment of certain notes of the debtor and his son,
    which defendant held for collection.    Both the owner of the
    notes and defendant acted in good faith, and neither knew of
    the mortgage until after its execution.    *Held,* that the evidence
    was insufficient to set aside the mortgage as being in fraud of
    the plaintiff?

(No. 539.    Decided June 3, 1895.    40 P. R. 769.)

APPEAL from the District Court of the Fourth Judicial
District.    Hon. James A. Miner, *Judge.*

Action by the Ogden State Bank against William Barker
and others to set aside a voluntary conveyance as being in
fraud of plaintiff, and also to set aside a mortgage made
by Barker and others to defendant Brough.    From a judg-
ment refusing to set aside the mortgage, plaintiff appeals.
*Affirmed.*

*Mr. W. A. Lee* and *Mr. H. H. Henderson,* for appellant.

*Messrs. Evans & Rogers,* for respondent.

BARTCH, J.:

The question to be determined on this appeal was raised
in the creditor's bill in the case of *Ogden State Bank* v.
*Barker* (decided at this term, *ante* p. 13), 40 Pac. 765.    It

appears from the record that the appellant was a judgment creditor of William Barker, that Barker conveyed his land to his sons, and that then all the Barkers joined in a mortgage to the respondent Brough.   The appellant sought to have both the deed and mortgage set aside on the ground that they were fraudulent and void, claiming that they were made without consideration, and to hinder and delay the creditors of William Barker.   The court canceled the deed, and declared it void, but refused to cancel and set aside the mortgage, and dismissed the action as to Brough.

Counsel for the appellant insist that the mortgage was given to Brough without consideration, in a secret trust, and therefore should be canceled and set aside.   This position does not appear to be sustained by the record.   It is shown by the evidence, substantially, that Brough was the acting cashier of the Citizens' Bank; that certain notes came into his possession for collection by reason of his position in the bank; that he placed them in the hands of attorneys, and demanded that suit be brought to enforce payment, unless security be given; that the mortgage was given to secure the payment of the notes; that Brough was made trustee in the mortgage without his knowledge; and that neither he nor the owner of the notes knew anything of its execution until after it was made.   Each note, on its face, represents a valuable consideration, and there is evidence tending to show such consideration in fact.   There is nothing in the record to warrant an assumption that there was no valuable consideration given for these notes.   Nor is such the contention of counsel for the appellant, for their contention is that the mortgage, not the notes, was given without a valuable consideration.   Nor is there anything to show that the notes were not executed in good faith.   If, then, the notes were made for a valuable consideration, upon what theory of law can it be contended that the mortgage

given to secure them was void for want of a valuable consideration?

The notes, having been given for value, and evidencing the indebtedness of the mortgagor to the real owner of them, constituted a valuable consideration for the mortgage. The mere fact that the mortgagee was not the real owner of the notes, but was simply a trustee or agent for the owner, does not affect the validity of the mortgage. Nor does the fact that the mortgage was executed by all the Barkers, and at a time when the debt which was merged in the judgment of the appellant was in existence, affect its validity. Neither is the validity of the mortgage affected because, among the notes which it secures, there is one which was made by Franklin J. Barker, and for which William Barker was not liable. It is apparent from the record that the notes for which William Barker was liable constituted *bona fide* existing claims against him. These he had a right to secure, even though the debt which he owed the appellant was in existence at the time of the execution of the mortgage, because he had a right to prefer as a creditor the owner of the notes. Even if such preference were made with a fraudulent design, or with the intent to hinder and delay the appellant in the collection of his judgment, still, if neither the trustee nor the owner of the notes participated in the fraud, or had any knowledge of it, the validity of the mortgage would not be affected. *Pettit* v. *Parsons*, 9 Utah, 223, 33 Pac. 1038. There is no contention that there was any such participation or knowledge on the part of the trustee or mortgagee or owner. Nor does it appear from the evidence that it was a secret trust. It is shown that the trustee was not present at the time the mortgage was made, and knew nothing of it until after its execution. We are of the opinion that the cancellation of the mortgage was

properly denied, and the action properly dismissed as to the respondent Brough. The judgment is affirmed.

MERRITT, C. J., and SMITH and KING, JJ., concur.