CHARLES MAYNARD, RESPONDENT. v. THE LOCO-
MOTIVE ENGINEERS' MUTUAL LIFE AND
ACCIDENT INSURANCE ASSOCIATION, APPEL-
LANT.

1. *Insurance—Mutual Benefit Societies—By-Laws—Construction of Pleading—Allegations of—Evidence—Findings.*

    A by-law of a mutual benefit association provided that "any member, while engaged in any lawful avocation, receiving bodily injuries which alone shall cause  *  *  *  total and permanent loss of eyesight, shall receive the full amount of his policy." M., who was a locomotive engineer, and to whom the association had issued a policy of insurance, received an injury while engaged in lawful employment, which caused the total and permanent loss of the sight of one eye. There-

16 UTAH—10

after, and before the loss of eyesight became permanent, the by-law was amended so that the expression "total and permanent loss of eyesight" was made to read "total and permanent loss of one or both eyes." It appeared from the record that the loss of one eye disabled the insured from pursuing his usual and accustomed occupation. In an action on the policy, *held*, that M. was entitled to recover.

2. *By-Laws—Construction of.*

Where associations or corporations are organized for the purpose of mutual benefit and relief, the terms of their by-laws must be interpreted liberally and reasonably; and, when they are susceptible of two constructions, that must be adopted which will more nearly carry out the benign object of the association, and sustain the claim of the injured.

3. *Complaint—Allegations of—Waiver.*

Where a complaint states a cause of action in general terms, objections that the allegations are indefinite or uncertain or ambiguous must be taken advantage of before judgment by proper pleading, or they will be waived.

4. *Improper Evidence—Reversible Error.*

Where a cause is tried before a court without a jury, the admitting in evidence of an answer to a question calling for a conclusion, though it may be improper, will not be regarded as reversible error, where, regardless of such answer, the evidence is sufficient for the court to enter judgment in favor of the opposite party, and the facts on which the conclusion was based have all been stated in evidence.

5. *Findings—Material Issues—Reversible Error.*

It is not error for the court to fail to make findings of fact on immaterial issues raised by the pleadings, nor is it reversible error to fail to make findings on material issues, when they would necessarily have been prejudicial to the appellant, and when those already found are sufficient to sustain the judgment.

(No. 858.   Decided Nov. 4, 1897.)

Appeal from the Second district court, Weber county. H. H. Rolapp, *Judge.*

Action by Charles Maynard against the Locomotive Engineers' Mutual Life & Accident Insurance Association on a contract of insurance. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Richards & Macmillan* and *A. E. Pratt,* for appellant.

*H. H. Henderson,* for respondent.

BARTCH, J.:

At the trial of this cause, the defendant objected to the introduction of any evidence, on the ground that the amended complaint did not state a cause of action. The objection was overruled, and the action of the court is assigned as error, and raises the most important question in the case, which is whether the plaintiff has a right to recover, under the defendant's by-law in force at the time he received the injury of which he complains, the same having been amended before the cause of action became complete. The by-law in question reads as follows: "Any member, while engaged in any lawful occupation, receiving bodily injuries, which alone shall cause * * * total and permanent loss of eyesight, shall receive the full amount of his policy. In case of loss of eyesight, the certificate must not be made out in less than one year, and must be signed by two experienced oculists and surgeons, and in any case the association may designate one of the medical examiners." This by-law was amended on May 26, 1894, so that the expression "total and permanent loss of eyesight" was made to read "total and permanent loss of one or both eyes." It appears from the evidence, and the court so found, that in June, 1893, the plaintiff, who was a locomotive engineer, accidentally, while engaged in a lawful employment, fell into a pit, and received an injury on the head, which immediately

affected his eyesight; and that about June, 1894, the loss
of the sight of his right eye became permanent. It also
appears that the plaintiff has been a member of the asso-
ciation in good standing since August, 1872. It will
thus be noticed that the injury was received while the
former by-law was in force, but the loss of eyesight did
not become permanent until after it was amended; and
that, under the by-laws, no cause of action became com-
plete until the expiration of one year after the loss of eye-
sight became permanent.

This case was before us on a former occasion on ap-
peal, and is reported in 14 Utah 458. We there held that
the amended by-law, on which the action was then
founded, was not by its terms retroactive, and that, con-
sidered by itself, it did not include a case like the one at
bar. The case was reversed on the point that the judg-
ment of the court was not supported by the findings of
fact, the pleading not responding to such findings; but,
as we were not satisfied that the plaintiff could not ulti-
mately recover if the complaint were amended so as to
present the issues suggested by the record, a new trial
was ordered, and leave granted to amend the pleading.
The complaint was thereupon amended, and now sets out
the original by-law above quoted, as well as its amend-
ment, and we are of the opinion that the plaintiff is en-
titled to recover under the former by-law, being the one
in force at the time he received the injury. The right of
recovery in such a case as this appears to be within the
fair intendment of its provisions, and the amendment
simply makes their true meaning more apparent. The
by-law does not provide that the insured will not receive
the amount of his policy unless the injuries are such as
to cause the loss of the sight of both eyes. There is no
express provision, as will be observed, limiting the insur-

ance to a total and permanent loss of the sight of both eyes; and upon reflection that the defendant claims and is supposed to be a beneficent institution, having for its object the mutual protection and relief of its members, and the payment of stipulated sums to the families of the unfortunate and disabled through accident among them, and that in a case like this the total and permanent loss of one eye disables, as appears from the record, the insured from pursuing his usual and accustomed occupation, it would be a rigid construction that would limit a recovery to cases of total blindness in both eyes, and thus effectuate by implication what the association failed to provide for in express terms. No such result is a necessary sequence to the language employed; for, where a person has become permanently blind in one eye, he may, with strict propriety, be said to have sustained "total and permanent loss of eyesight." The terms of the by-law in question must be interpreted liberally and reasonably, and, as they appear to be susceptible of two constructions, that must be adopted which will more nearly carry out the benign object of the association, and sustain the claim of the injured. The provision will not be scrutinized for the purpose of enabling the organization to escape liability to any of its members, or for the purpose of creating limitations, in favor of the association, which do not satisfactorily appear within the terms of the by-law. Where associations or corporations are organized for the purpose of mutual benefit and relief, their by-laws will not be so interpreted as to favor the forfeiture of the rights of its members or those dependent upon them. "The by-laws of mutual benefit societies should be construed liberally, and with a view to effectuate the benevolent purposes of their organization. When there is any ambiguity or inconsistency in the terms of

such by-laws, that construction shall be given to them which is most favorable to the rights of the members." Nibl. Ben. Soc. & Acc. Ins. §§ 17, 143; Bac. Ben. Soc. § 86; *Insurance Co.* v. *Mund*, 102 Pa. St. 89; *Burkhard* v. *Insurance Co.*, Id. 262; *Humphreys* v. *Association*, 139 Pa. St. 264; *Hoffman* v. *Insurance Co.*, 32 N. Y. 405.

It is also contended for the appellant that it was essential to plaintiff's recovery that he should have alleged that he received a "bodily" injury. It is alleged that "this plaintiff received an injury while engaged in a lawful vocation, which caused the total and permanent loss of his right eye." We think this allegation sufficient to withstand the objection that the complaint did not state a cause of action. At most, it is merely indefinite or uncertain, as not stating the particular injury; and defects of this character must be taken advantage of before judgment by proper pleading, or they will be waived. The subject of defective pleading was considered in the case of *Mangum* v. *Mining Co.*, 15 Utah 535, to which we refer for a more extended discussion on this point. Where, as in this case, the complaint states a cause of action in general terms, the objection that the allegations are indefinite or uncertain or ambiguous cannot avail the objector after judgment, when the objection was not made in the proper way before judgment.

It is further insisted that the court erred in permitting the plaintiff, over the objection of the defendant, to answer the following question: "Was the loss of eyesight caused by the injury?" This question was subject to the objection that it was calling for a conclusion, and should not have been permitted to be answered; but in view of the facts that the case was tried before the court without a jury, and that, regardless of the answer to the question, the evidence was sufficient for the court to en-

ter judgment in the plaintiff's favor, and the facts on which the conclusion was based having all been stated in evidence, we are of the opinion that the receiving of the answer was not reversible error.

There are several questions presented in the record respecting the finding of fact and the failure to make such findings, but, upon examination of each of them, we perceive no reversible error. The facts found are ample to sustain the judgment, and appear to be fair deductions from the evidence, and made on all material issues properly raised in the pleadings. If other facts had been found, they would necessarily have been prejudicial to the appellant. In *Groome* v. *Ogden City Corp.*, 10 Utah 54, this court held that it was not error for the court to fail to make findings on immaterial issues, and that even on material issues a failure to find facts was not reversible error if, when found, they must necessarily have been adverse to the appellant, and when those already found were sufficient to support the judgment. We find no reversible error in the record. The judgment is affirmed.

ZANE, C. J., and MINER, J., concur.