MINER, J., and JOHNSON, District Judge, concur.

---

JOHN E. BLILINGS, RESPONDENT, v. ELIAS H. PARSONS, ET AL., APPELLANTS.

1. *Assignment—Fraud.*

C. made an assignment to plaintiff, who was at the time an employé of C. After the assignment, defendant levied certain executions upon the assigned property, and an action for conversion was brought. It appears that plaintiff was paid a small sum for wages due him from the assignor on the same day, or before, the deed of assignment was executed, and before he had any knowledge of the assignment; that about $100 worth of goods were given to the assignor's wife on the

same day, or the day before, the assignment was made, but that such goods were not taken from the stock in trade assigned, it not appearing where the assignor obtained the goods, or whether they were exempt property or not, or who actually owned them; that the transfers were made by the assignor in contemplation of making an assignment, but that it did not appear that the assignee or any creditor knew of such transfer to the wife. *Held*, that a fraudulent intent on the part of the debtor alone is not sufficient to avoid the assignment when no preferences are made, as in this case, and where neither the assignee nor creditor participated in the fraud. The debtor had a right to pay the wages before the assignment was made, or prefer the debt in the deed of assignment. Section 2838, Comp. Laws Utah 1888, was never intended to prevent a debtor from paying or securing his honest debts, or from doing equity and exact justice to all his creditors by placing his means at their disposal. Although a debtor has the intent to deprive a creditor of his lawful suits, and delay him in the recovery of his just demands, still an assignment of all his property for the benefit of all his creditors alike must be upheld as valid. The assignment of all his property for the benefit of all his creditors negatives a wrongful intent to cheat and defraud arising from the contemplated assignment, even if the delay of a creditor was in contemplation of the debtor.

2. *Assignment made to Avoid Attachment.*

There is no objection to the validity of an assignment made in anticipation on the part of the assignor of the immediate issuing of an attachment against the property of the assignor.

3. *Assent of Creditors.*

The assent of creditors to an assignment made for their benefit is not necessary to the validity of-the assignment.

4. *Statute of Limitations.*

An amendment made to the complaint before trial, and two years after the action was commenced by interlineation, so as to refer to a copy of the deed of assignment annexed to the complaint instead of to the original, does not change the time in which the action was brought so as to affect it by the statute of limitations, as no new cause of action or additional parties were added.

5. *Findings—Sufficiency Of.*

> A failure to find further facts is not reversible error if, when found, they must necessarily have been adverse to the appellant, and where those already found are sufficient to support the judgment.

6. *Filing—What Constitutes.*

> The findings were left with the clerk to be filed on January 2, 1897. They were not filed until March 9th, following. When the court left the papers with the clerk for filing on January 2d, they were just as effectually filed as though the clerk had actually placed his filing mark upon them as of that date. The fee for filing should be included in the trial fee.

(No. 910.	Decided June 10, 1898.)

Appeal from the Third district court, Salt Lake county ; Ogden Hiles, *Judge.*

*Jones & Schroeder,* for appellants :

Payment of sum due the assignee is a badge of fraud, and it was error not to have so treated it. *Gilkerson* v. *Hamilton,* Fed. Cas. No. 5424; Burrill on Assignments, sec. 145.

If all creditors reject the trust, the assignee has but a naked power which the grantor may revoke. *Smith* v. *Keating,* 6 Man. G. & S. 158 ; *Bernard* v. *Neely,* 2 Sneed (Tenn.) 164 ; *Mills* v. *Haines,* 3 Head (Tenn.) 382 ; *Gibson* v. *Chadic,* 1 Nev. 501; *Evans* v. *Lamar,* 21 Ala. 333-5; *Pitts* v. *Viley,* 4 Bibb. 446.

"When a case is tried by the court without a jury, and the term of office of the judge expires before he *files* his decision in the case, the fact that it is signed by him and ordered by his successor in office to be filed, and is so filed, is not sufficient to sustain a judgment entered thereon." *Connelly* v. *Ashworth,* 98 Cal. 205; *Russell* v. *Sargent,* 7 Ill. App. 98 ; *Hastings* v. *Hastings,* 31 Cal. 95 ; *Van Court* v.

*Winterson*, 61 Cal. 615 ; 2 Hayne on New Trial & App.,
sec. 237-246 ; *Warring* v. *Freear*, 64 Cal. 56 ; *Comstock Q.
M. Co.* v. *Superior Court*, 57 Cal. 625 ; *Polhemus* v. *Carpen-
ter*, 42 Cal. 384 ; *Anglo Cal. Bank* v. *Mahoney; Mace* v.
*O'Rilly*, 70 Cal. 231 ; *Broder* v. *Conklin*, 98 Cal. 360; *Cham-
berlain* v. *Dempsey*, 14 Abb. Pr. 241, 15 Abb. Pr. 1.

*Whittemore & Edward*, for respondent.

MINER, J.:

It appears from the record that N. C. Christenson made
a deed of assignment of all of his property for the benefit
of all his creditors, without preference, to respondent, Bil-
lings. The appellant, as United States marshal, there-
after levied certain executions upon the assigned property,
and sold it, whereupon this action for conversion was
brought by the respondent. The case was tried before
the court without a jury, and judgment found in favor of
the plaintiff. The appeal is taken from the judgment.
The court, in its general findings, found all the issues in
favor of the plaintiff, and in its fourth general finding al-
so found that the deed of assignment was not made,
executed, or delivered with intent to hinder, delay or de-
fraud the creditors of N. C. Christenson, or any of them.
By request of appellant's attorneys, the court, as a part
of its findings, found specially that on the day or day previ-
ous to the time of making the assignment, and in contem-
plation thereof, and while the assignor was insolvent, he
paid to his employe, Billings, who was afterwards made
assignee, a week's wages, but the court did not consider
such act a badge of fraud; that about this time he gave to
his wife about $100 worth of goods that formed no part
of his stock in trade at his store, but it did not appear
where he obtained the goods. The appellant assigns error

in the making of the fourth general finding, because it is contradicted by special findings, and to the entry of judgment upon the findings, because they are not supported by the findings as made, and in refusing to consider as a badge of fraud the payment by the assignor to one Billings, afterwards made assignee, on the day of the assignment a sum of money due him for wages, and because the assignor transferred to his wife a day or two before the assignment, goods of the value of about $100 that did not belong to his stock in trade, there being no evidence as to where he obtained the goods, or whether they were exempt from execution or not. In *Coblentz* v. *Driver*, 10 Utah 96, the territorial supreme court held that: "First. Antecedent and fraudulent acts by the assignor, in which the assignee or beneficiaries have not participated, will not render an assignment for the benefit of creditors void. Second. Mere fraudulent concealment of assets by the assignor at the time of or after the deed of assignment, if done without the concurrence of the assignee or beneficiaries, will not avoid the deed. Third. Fraudulent preference or conditions in a voluntary deed of assignment itself will avoid it, whether known to the assignee or beneficiaries or not. We are aware of the fact that on this latter proposition there is considerable conflict of authority, but much of it is explained by the fact that state bankrupt laws or insolvent laws directly affect many of the decisions, where no such statute exists. We think the weight of authority is that in voluntary assignments for the benefit of creditors, where the fraudulent intent of the assignor is carried into the deed itself, and made operative through it, this renders it void, without regard to the question whether the assignee or beneficiaries knew anything of it or not." In the case referred to it appears that the assignee was fraudulently preferred as a creditor in the deed

to a large amount. Not only the assignee, but the assignor, had knowledge of the fraudulent act, and it was properly held that, where the fraudulent intent of the assignor is carried into the deed itself, and made operative, through the deed, to the assignee, the deed was void, without regard to the actual knowledge or participation of the assignee or beneficiaries in the fraud. In the present case it appears that Billings, the assignee, was paid a small sum for wages due him from the assignor on the same day, or before, the deed of assignment was executed, and before he had any knowledge or notice of the assignment, and that about $100 worth of goods were given grantor's wife on the same day, or the day before, the assignment was made; but it also appears that such goods were not taken from the stock in trade at the store that was assigned; nor where the assignor obtained the goods, nor whether they were exempt property or not, or who actually owned them, does not appear. It also appears that such transfers were made by the assignor in contemplation of making an assignment, but it does not appear that the assignee or any creditor knew of such transfer to the wife, or participated therein. In such cases the general rule is held to be that a fraudulent intent on the part of the debtor alone is not sufficient to avoid the assignment when no preferences are made, where neither the creditor nor the assignee participated in the fraud. Bump, Fraud. Conv. (4th Ed. §§ 337-380; *Pettit* v. *Parsons*, 9 Utah 223; *Coblentz* v. *Driver Co.*, 10 Utah 96; *Myers* v. *Kinzie*, 26 Ill. 36; *Sackett* v. *Mansfield*, Id. 21; *Wise* v. *Wimer*, 23 Mo. 237; *State* v. *Keeler*, 49 Mo. 548; *Marbury* v. *Brooks*, 7 Wheat, 536, 11 Wheat, 78; *Bancroft* v. *Blizzard*, 13 Ohio 30; *Cornish* v. *Dews*, 18 Ark. 172; *Hollister* v. *Loud*, 2 Mich. 309; *Gover* v. *Campbell*, 17 Ala. 566; *Farrell* v.

*Farnam,* 67 Md. 76; *Levy* v. *Adler,* 97 Mo. 413; *Sipe* v. *Earman,* 26 Grat. 563; *Roan* v. *Winney,* 93 Mo. 503.

If, in addition to the fraudulent intent of the grantor, the deed may, by its terms, and does in fact, aid in the fraud, then it is invalid; but in this case the deed cannot operate to aid in the fraud.  It is a general assignment of all the property of the assignor for the benefit of all his creditors, without any preferences.  If it transpires that the debtor concealed any of his property, not included in the assignment, that was not exempt from execution, the title would pass to the assignee, and in that case it would be his duty to take it into his possession when found.  Having placed all his property in the hands of a trustee for the purpose of paying all his creditors alike, the assignor cannot be said to hinder and delay his creditors.  In the absence of fraud on the part of the assignor and trustee, if the trustee perform his duty as he is presumed to do, the settlement of the claims of the creditors is hastened.  It is where the trustee becomes implicated and involved in the fraud, or where the fraudulent intent of the assignor is carried into the deed itself, and made operative through it by the passive or active agency of the trustee, or the deed itself, that it can be said the deed is made to hinder, delay, and defraud creditors.  In such a case the deed is void.  The record discloses no fraud or participation in any fraud on the part of the assignee.  It does not appear that he had any knowledge of the assignment until the day it was made.  The fact that he received payment of a week's wages due him for labor the day before the assignment was made does not connect him with any fraud in making or procuring the assignment to be made, even if the payment was made by the assignor in contemplation of making the assignment.  It appears the debt was a just one;

therefore the debtor had the right to pay it before the assignment was made, or prefer the debt in the deed of assignment. In the absence of a bankrupt law or statute, a debtor has a perfect right to pay a debt or prefer a creditor in a deed of assignment of all his property for the benefit of all his creditors. The statute was never intended to prevent a debtor from paying or securing an honest debt, or from doing equal and exact justice to all his creditors by placing his means at their disposal. Although a debtor has the intent to deprive any or all of his creditors of their lawful suits, and hinder and delay them in the recovery of their just demands, still the assignment, if by its terms all the property which it embraces must be applied ratably or otherwise to the payment of his debts, is upheld as valid and effectual. The assignment of all his property for the benefit of all his creditors negatives any wrongful intent arising from the contemplated assignment, even if the delay of any particular creditor was in contemplation of the debtor. Bump, Fraud. Conv. (4th Ed.) §§ 331, 332.

The transfer of about $100 worth of goods to the wife of the assignor a day or two before the assignment was made, when it appears the goods did not come out of the stock of trade assigned, and it does not appear what kind of goods they were, who they did in fact belong to, where they were obtained, or whether they were exempt goods or not, is not of itself a badge of fraud, and the court was justified in so finding. By the terms of the assignment, property exempt from execution is reserved. The goods in question may have been exempt property. In any event, the facts do not show that any fradulent intent on the part of the assignor was carried into the deed of assignment, and made operative through it, or through the agency of the assignee, to the injury of any creditor. Un-

der the facts disclosed by this record, the statute of frauds
(section 2838, Comp. Laws 1888), relied upon by the appel-
lant, does not apply.    The deed in this case cannot hinder,
delay, or defraud a creditor of the grantor, even if there
was a fraudulent intent on his part, unless such fraud was
carried into the deed itself, without fraud on the part of
the trustee; and it is therefore not within the statute of
frauds.    In other words, if both grantor and grantee were
guilty of fraud in procuring this assignment under the
rules laid down, the statute of frauds will apply, as in that
case the creditors may have been injured, delayed or de-
frauded; but this would not be the case where the grantor
alone was guilty of fraud.    "It will not, in such a case,
be void, even as against the persons who are in fact very
materially hindered or delayed, and were meant to be so.
The explanation is that, although in these cases the intent
to hinder and delay the creditor is manifest, it is just as
certain that there is no intent to cheat or defraud them;
and the reasonable construction of the statute is that it is
only such a hindrance or delay as is intended to operate,
or, if permitted, could operate, as a fraud upon the cred-
itors, that was meant to be prohibited."    Bump, Fraud.
Conv. (4th Ed.) § 332; *Farrell* v. *Farnam,* 67 Md. 76.    The
fact of an intent to delay or defraud creditors is not to be
implied from the execution of the deed; the fraud must be
shown.    *Myers* v. *Kinzie,* 26 Ill. 36.

The appellants contend that the grantor fraudulently pro-
cured a continuance of a case pending against him, in order
that this deed could be executed before judgment.    It is
held that the execution of a deed of assignment pending
·a suit against the grantor by a creditor not secured by it,
a short time before judgment could be taken against him,
will not render the deed void.    *Sipe* v. *Earman,* 26 Grat.
·563; Bump. Fraud. Conv. (4th Ed.) § 332.    It is also held

that there is no objection to the validity of the assignment; that it was made in anticipation, on the part of the assignor and assignee, of the immediate issuing of an attachment against the property of the assignor. *Hollister* v. *Loud,* 2 Mich. 309; Bump, Fraud. Conv. (4th Ed.) §§ 331, 332.

The appellant also contends that the consent of the creditors to the assignment was a prerequisite to its validity. This contention cannot be maintained. It is well established that the assent of creditors to an assignment made for their benefit is not necessary to the validity of the assignment. Burrell, Assignm. (6th Ed.) § 257; *Brooks* v. *Marbury,* 11 Wheat. 78; Bump, Fraud. Conv. (4th Ed.) §§ 308-337.

Error is also assigned upon the failure of the court to find upon the issue of the statute of limitations tendered in the amended answer. It appears that the complaint was amended before trial, over two years after the action was commenced, by interlineation, so as to refer to a copy of the deed of assignment annexed to the complaint, instead of to the original. By the amendment no new cause of action or additional parties were added; therefore the running of the statute of limitations was arrested at the date of filing the original complaint, and the amendment related back to the time of the filing of the complaint. 1 Enc. Pl. & Prac. p. 621. "Even on material issues, a failure to find further facts is not reversible error, if, when found, they must necessarily have been adverse to the appellant, and when those already found are sufficient to support the judgment." *Haarstick* v. *Fox,* 9 Utah 110; *Fox* v. *Haarstick,* 156 U. S. 674; *Groome* v. *Ogden City,* 10 Utah 59; *Maynard* v. *Locomotive Engineers,* 16 Utah 145.

Upon a motion being made before the court to correct the date of filing the findings of fact and conclusions of

law, the court, after hearing the testimony presented, directed the clerk to strike out the filing erroneously marked thereon as of March 9, 1897, and to file the same as of January 2, 1897, that being the date the paper was actually left for file.    Error is assigned upon the making of this order.    In this case the sufficiency of the evidence to justify the findings and order made is not before this court by the appeal.    The making and filing of the findings and conclusions was a part of, and should precede the entry of, the judgment.    The fee for filing should be included in the trial fee.    The findings were left with the clerk to be filed on January 2, 1897.    They were not filed until March 9th following.    When the court left the papers with the clerk for file on January 2d, they were just as effectually filed as though the clerk had actually placed his filing mark upon them as of that date.    The order made was correct, and within the rule laid down by this court in *Fisher* v. *Emerson*, 15 Utah 517; *Maynard* v. *Locomotive Works*, 16 Utah 145.

There are other questions discussed in the briefs of counsel, but we do not consider them of sufficient importance for further comment.    Upon the whole record we find no reversible error.    The judgment of the court below is affirmed.

ZANE, J. C., and BARTCH, J., concur.